CONNECTICUT FIRE INSURANCE COMPANY OF HARTFORD V. EDWIN JEARY ET AL.

FILED JUNE 7, 1900. No. 9,203.

1. **Forfeiture:** POLICY OF INSURANCE. Forfeitures are looked upon by the courts with ill-favor, and will be enforced only when the strict letter of the contract requires it; and this rule applies with full force to policies of insurance.

2. ———: CONSTRUCTION. Courts will construe policies of insurance more strongly against the party by whom the contract has been drafted, and who has had the time and opportunity to select, with care and ingenuity, and with a view to its own interests, the language in which the contract is couched.

3. ———: CONDITION. Where it is conditioned in a policy of insurance "That the assured shall take an inventory of the stock hereby covered at least once a year, and shall keep books of account correctly detailing purchases and sales of said stock, and shall keep all inventories and books securely locked in a fire-proof safe, or other place secure from fire in said store, during the hours that said store is closed for business. Failure to observe the above conditions shall work a forfeiture of all claims under this policy," *held*, that such provisions should be construed conjointly, and that, to work a forfeiture of the policy, there must be a failure to perform all the conditions named, and not any particular one of them.

ERROR to the district court for Cass county. Tried below before RAMSEY, J. *Affirmed.*

*Charles Offutt* and *W. W. Morsman,* for plaintiff in error.

*Beeson & Root* and *Edwin Jeary, contra.*

HOLCOMB, J.

The plaintiff in error (defendant below) resists payment
of loss under a policy of insurance issued by it covering
a stock of merchandise, which was destroyed by fire
during the term for which the policy was written.   As
presented to this court, the only question involved is the
liability of the insurance company under the provisions
or covenants commonly known as the "iron safe clause,"
which are found in a "rider" attached to the insurance
policy at the time it was written and delivered to the
assured.   The provisions referred to are as follows: "It
is expressly warranted that the assured shall take an in-
ventory of the stock hereby covered at least once a year,
and shall keep books of account correctly detailing pur-
chases and sales of said stock, and shall keep all in-
ventories and books securely locked in a fire-proof safe,
or other place secure from fire in said store, during the
hours that said store is closed for business.   Failure to
observe the above conditions shall work a forfeiture of
all claims under this policy."   It appears that a fire
occurred in less than one year, and that no inventory has
been taken; that books of account, although kept, were
not preserved as provided by the clause quoted, and were
destroyed in the same fire which burned the insured stock
of goods.   It will readily be noted that the defense inter-
posed is of the most technical character, and, it may be
said, has but little, if any, real and substantial merit.
The failure of assured to take and preserve an inventory,
and keep books of account, as provided, in a fire-proof
safe or other secure place, which is relied upon to oper-
ate as a release of the company under its policy of indem-
nity, in nowise changes the character of the risk assumed
or increases its hazard to the smallest extent.   Com-
pliance with the provisions quoted could serve no other
purpose than as affording a particular means of establish-
ing the amount of loss or damage in the event a loss
should occur.   It was an attempt to preserve or perpetu-

ate evidence by which the liability of the indemnitor was
to be fixed should a fire occur during the life of the policy
of insurance. All that can be said in its favor is that the
parties undertook by this particular method to ascertain
and determine the extent of a loss, if one should occur.
It is not even suggested in this case that the actual loss
sustained was less than the amount named in the policy.
In fact, it appears that the loss far exceeded the sum for
which the property was insured. It may well be doubted
whether a stipulation of this kind is not an independent
contract, entirely without consideration, and that its
terms can not be invoked to defeat a recovery for loss
under the contract of indemnity. We are, however, not
disposed to enter into a discussion of this phase of the
subject, and do not undertake to decide the question.

It is not claimed that there has been a failure to com-
ply with any condition mentioned, except with regard to
the manner of preserving the books of account. The de-
fense being purely technical, a strict construction of the
terms of the warranty is not only proper, but all that the
defendant is entitled to ask in the adjudication of its
liability upon the contract which it is sought to have for-
feited. If the defendant is entitled to a forfeiture of the
policy at all, it is because it is so denominated in the con-
tract; and a strict enforcement of its terms gives to it the
release contended for. ⌈It is a matter of every-day knowl-
edge that these forfeiture clauses are prepared with
much care, skill and ingenuity, and are frequently re-
sorted to more for the purpose of avoiding, on technical
grounds, contracts of indemnity entered into in the best
of faith by the assured, and for which he is willing and
does pay an ample consideration for the protection
sought, rather than of subserving any useful purpose in
determining the substantial rights of the parties, as
affected by the essential elements of the risk assumed and
the indemnity granted. It is with no hesitancy that the
⌈courts declare such forfeiture clauses are to be looked
upon with ill-favor, and to be enforced only when the

strict letter of the contract requires it.] In *Springfield Fire & Marine Ins. Co. v. McLimans*, 28 Nebr., 846, this court has held that forfeitures are not favored, and should not be enforced unless the courts are compelled to do so, and that such rule applies to insurance policies. In that case the court cites with approval *Dickenson v. State*, 20 Nebr., 72; *Estabrook v. Hughes*, 8 Nebr., 496; *Hibbeler v. Gutheart*, 12 Nebr., 526. In *Phenix Ins. Co. v. Holcombe*, 57 Nebr., 622, 623, it is said: "Forfeitures are not favored, and in contracts of insurance a construction resulting in a loss of the indemnity for which the insured has contracted will not be adopted except to give effect to the obvious intention of the parties." See, also, *Hanover Fire Ins. Co. v. Dole*, 50 N. E. Rep. [Ind.], 772, and authorities therein cited. In *Bailey v. Homestead Fire Ins. Co.*, 16 Hun [N. Y.], 503, where it is held that a clause against the property being incumbered does not invalidate the insurance by an incumbrance on a part of the property only, the judge writing the opinion says: "The defense suggested is founded on the merest technicality. The provision is inserted in a few brief words at the close of a long paragraph relating mostly to matters entirely foreign to the particular provision relied on, and not calculated to attract the attention of the insured, but to operate as a trap to enable the company to receive its premium, but in case of loss to insure a strong probability, in many cases, of being able to interpose a technical defense, which operates as a surprise upon the party who has relied upon his policy as intended to be a fair contract of indemnity. Under the circumstances of this case, therefore, the insurance company has no right to complain if its technical defense is met by a technical answer." Other authorities might be cited in further support of the above rule, but it seems unnecessary.

With reference to the covenants relied on in the case at bar to relieve the defendant, it may be said, in brief, that it is provided that the assured shall take an inven-

tory within one year, keep books of account of purchases and sales, and that the books and inventory shall be kept in a fire-proof safe, or other safe place secure from fire, in said store, during the hours the business is closed, and that if these conditions are not complied with, the policy shall be forfeited. The question then is, what action or actions of the assured, or his failure to act, will work a forfeiture of the policy of insurance under the strict terms of the clause quoted? Will a failure to comply with any one condition or all of them together be necessary in order to work a forfeiture? If an inventory is required to be taken, when must it be done to comply with the contract? If the books of account and the inventory which is to be taken at least once a year are to be kept in a fire-proof safe, or other safe place, when is the limit of time after which the non-observance of one or both will work a forfeiture of the policy? Will the failure to preserve books of account in a fire-proof safe, or other place secure from fire, in the store building alone defeat recovery, or is a failure to comply with all the conditions necessary? Doubtless these provisions are intended to provide some means for preserving that which would be evidence of the value of the goods lost or damaged by fire, if one should occur. At the time the policy was issued it is presumed that the insurance company was acquainted with the property insured and the character of the same, and wrote the insurance with reference thereto. The stock of goods, in the course of business, would change by purchases and sales; and the more definitely to determine the effect of these constantly occurring changes, the company has regarded it to its interest to fix a time, a period within which an inventory must be taken, which, with the books, of account, shall show the stock on hand at the time of its taking and the purchases and sales subsequent thereto, and which inventory and books shall be preserved in the manner specified. It would serve no good purpose to take an inventory in a day or week, or even within a month, and a

year was named as the limit of time to perform this act. The time, therefore, for taking an inventory of the stock of goods insured did not expire until a year after the policy was written, and as the loss occurred in less time, no default in this condition, or any condition dependent thereon, is shown or can rightfully be claimed.) The books of account were kept as provided for in the warranty. They were not, however, preserved as therein required, and the vital question that presents itself is whether the failure to comply with this one of the different conditions imposed will defeat a recovery. It is conceded by both parties that the representations made were not concerning matters then in existence, but were of a promissory character only, and to be carried out some time in the future. We have assumed that these conditions were valid and enforceable, and a substantial compliance therewith essential to the right of recovery in case of loss of the property insured. In construing these and similar clauses in insurance policies there is much diversity of opinion among the different courts which have passed upon the subject. Counsel for appellant has called our attention to a number of cases which hold broadly and generally that. such stipulations are valid, and that a full and complete compliance with their terms on the part of the assured is necessary and required before a recovery can be had. These decisions are based upon what is said to be the general and underlying principles of the right of the parties to enter into such a contract as they may desire, and the duty of the courts to enforce the contract as made. There is no attempt to construe the language used other than in a liberal and general way, and, as it occurs to us in some cases, more favorably to the insurer than the assured. In Kentucky such stipulations are held to be independent of the contract of insurance, and, therefore, void for want of consideration. *Phœnix Ins. Co. v. Angel*, 38 S. W. Rep. [Ky.*] 1067; *Mechanics*

*Has not appeared in 100 Kentucky report, its chronological place.
—REPORTER.

& *Traders Ins. Co. v. Floyd*, 49 S. W. Rep. [Ky.], 543.
Courts of other states have construed similar provisions
as interdependent, holding that the one requiring books
of account to be kept and preserved took effect concur-
rently with that requiring an inventory, and that no
default in any of the conditions could exist until the
expiration of the time allowed for taking the inventory.
*Hanover Ins. Co. v. Dole, supra; Citizens Ins. Co. v. Sprague*,
35 N. E. Rep. [Ind.], 720.

We are of the opinion, however, that in this case more
cogent reasons exist for holding that there was no breach
in the conditions of the warranty sufficient to forfeit the
policy at the time the loss occurred, and that the defend-
ant's contention to the contrary must fail for the reasons
hereafter assigned. It will be noted that these provis-
ions, constituting, as we have seen, a promissory war-
ranty, are joined together by the conjunction "and,"
followed by the penalty of forfeiture to the effect that
"failure to observe the above conditions shall work a
forfeiture of all claims under this policy." The insurance
company had the power to separate the conditions im-
posed, making each independent of the other, the clause
being of its own creation; but it has not chosen to do so.
By its own language it has made a series of acts to be
construed together, and a failure to perform not one but
all the conditions is required to work a forfeiture of the
policy. This being the case, it is not the duty of the court
to give to the language used a more favorable construc-
tion to the company than the fair import of the words
will warrant. The reverse of the proposition is true, and
it behooves us to construe the terms imposed most
strongly against the company. It is their language. It
has been carefully prepared and well worded in the com-
pany's interest. They impose the conditions upon the
assured, and a proper conception of the rights of both
parties to the contract requires the adoption of such a
rule of construction. Having in view, however, the situa-
tion of the parties and the purposes sought to be accom-

plished by the contract of insurance, can it be said from the language used that it was the intention of the parties that the policy should be forfeited by the mere failure to comply with one only of the conditions of the warranty? We think not. We are not disposed to impute to the company a desire to avoid responsibility under a fair contract by it voluntarily entered into upon a pretext so slight and with so little substantial reason therefor. It ought not to be presumed that a forfeiture of the entire policy, leaving to the assured no protection against contingencies from which consequences grave and serious in their character might flow, was contemplated by either party, except for weighty and important considerations. By a fair and reasonable construction of the contract of the parties to this action, a forfeiture was provided for, not for a failure to comply with one of the several conditions mentioned, but for all of them taken together. Had it been desired to have any other construction placed on its provisions, it would have been no difficult matter to so word the conditions of the warranty as to make a failure to comply with any one or more of them grounds for the forfeiture of the entire policy. This has not been done, and we are not disposed to give a broader or more liberal construction than the language used requires. The views herein expressed seem to be consonant with both reason and authority.

We are not entirely without light upon the subject as to the views of other courts upon what we regard as kindred questions. In a very recent case in the supreme court of Iowa, in construing a clause in a policy of insurance against incumbrances upon the property insured, it is stated in the syllabus: "A policy insuring both real and personal property provided that if 'the property should thereafter become mortgaged or incumbered,' the policy should be void, and also declared that it should be forfeited if other insurance was taken out 'on any of said property.' *Held*, That since the provision for forfeiture for mortgaging did not provide a forfeiture for mortgag-

ing 'any' of the property, but treated 'the property' as a whole, the policy would not be forfeited for a mortgage given on a part of the property only." *Born v. Home Ins. Co.*, 81 N. W. Rep., 676. Says Judge Given in the opinion of the court, p. 678: "It is a familiar rule that forfeitures are not favored, that contracts will be strictly construed to avoid forfeitures, and that the burden is upon him who claims a forfeiture to clearly show that he is entitled to it. The language of the policy is, 'or if the property shall hereafter become mortgaged or incumbered' the policy becomes null and void. It is the property, not a part of it; not the real nor the personal, but the whole property, the mortgaging of which renders the policy void." To the same effect is *Bailey v. Homestead Fire Ins. Co.*, 16 Hun [N. Y.], 503 heretofore quoted.

In our own state, this court, in construing like clauses as to incumbrances, has not adopted the same line of reasoning as the courts whose opinions have last been referred to. It is here held that where different classes of property are insured for specific sums, although the premium is paid in one sum in gross, the policy as to the different classes of property is separable and divisible, and a mortgaging of one class of property in violation of the terms of the policy will not prevent a recovery as to all other classes upon which no incumbrance existed. The rule was announced in the case of *State Ins. Co. v. Schreck*, 27 Nebr., 527, and has since been followed. In that case the insurance was upon certain buildings on a farm, and also covered a lot of personal property described in the policy. The policy provided that "any other insurance or any incumbrance upon any of the property hereby insured existing at the date of this policy not made known in the application, or if any subsequent incumbrance is imposed, * * * this policy shall be void." A mortgage was placed upon the real estate, on which the insured buildings were located, in violation of the terms of the incumbrance clause, and it was held that the policy of insurance was separable and

divisible, and that an incumbrance upon the real estate, while preventing a recovery for the loss sustained by the burning of the buildings, would not preclude a recovery for the loss of the personal property insured. While the rule announced in our court is apparently in conflict with the views of the other courts on the same subject herein referred to, the divergence of opinion is not as marked as first appearances would indicate. Each has a different basic point for the course of reason adopted. In this court the policy as to different classes of property insured for specific sums is held to be divisible, and a separate contract as to each class of property insured in so far as the clause against insurance shall apply, while the other cases undertake to analyze and define the meaning, force and effect of the words employed in the provisions against incumbrance. While neither are controlling of the provisions under consideration, they are useful in so far as they may aid us in a correct solution of the questions herein involved. Recurring to the language of the warranty in the case at bar, it is provided that if the conditions are not performed the policy shall be forfeited. There are two separate and distinct acts to be done: one is to keep books of account, and the other is to take an inventory at a certain time. To accomplish the object sought it is also provided that the books while being kept and the inventory when taken are to be kept in a fire-proof safe, or other place secure from fire, in the store building containing the property insured. These different steps to be taken are all more or less important, if valuable at all. The inventory, it would seem, is regarded as important as any other act required, and until there has been a default or breach in that condition, who is at liberty to say, under the wording of the penalty, that a forfeiture of all rights under the policy was the deliberate contract of the parties to be enforced by the courts upon application therefor? The answer is rendered less difficult when there is kept in view the rules for the proper construction of provisions of this character as

heretofore announced in this opinion. It is not said, by the words used or the fair import of the same, that if one condition is not complied with, a forfeiture will ensue, but the plural is used, and clearly refers to all the conditions preceding and not to any particular one of them.

From the foregoing observations the conclusion is reached that a ground for forfeiture of the policy as contended for does not exist, and that the company is liable to the assured under its contract of indemnity. Our attention has been invited by counsel for assured to the proposition that a waiver of the causes for forfeiture, if existing, has been established, and also to certain parts of the testimony as preserved in the bill of exceptions in support of the contention thus made. In view of the conclusions reached, we have thought it unprofitable to consider this feature of the case, and consequently have not taken the necessary time to investigate the proposition.

The judgment of the lower court is right and is

AFFIRMED.