EDWARD MAXSON, RECEIVER OF INTERNATIONAL HIGH SPEED STEEL COMPANY, PLAINTIFF, v. NEW JERSEY MANUFACTURERS' CASUALTY INSURANCE COMPANY, DEFENDANT.

Decided June 15, 1929.

For the plaintiff, *King & Vogt.*

For the defendant, *Kellogg & Chance.*

LAWRENCE, C. C. J. This action was submitted to the court, without a jury, at the Morris County Circuit, on a stipulation of facts, and is decided on the law deemed applicable.

The facts involved are that on or about June 20th, 1921, Rose G. Smith, as administratrix *ad prosequendum* of the estate of one Harvey D. Slockbower, deceased, brought suit under the Death act to recover of the International High Speed Steel Company (now in bankruptcy, and of which company plaintiff was duly appointed receiver by the federal court of this district) damages suffered by his next of kin as the result of his death.

From July 1st, 1918, to June 5th, 1920, Mr. Slockbower had been in the employ of the steel company, and it was claimed that his death thereafter was occasioned by a diseased condition of his lungs, due to fine particles of metallic and mineral substances thrown into the air as the result of the work on which he was engaged, that is to say, polishing and boring steel tubing in which an emery wheel was used. The gravamen of the complaint was that the employing company was liable because of its failure to provide a reasonably safe place in which to work and in failing to install mechanical means of keeping the air free of the offending substances. In other words, negligence was alleged. The trial resulted in a verdict against the company. An appeal was taken to the Court of Errors and Appeals, and it was argued, as it had been on a motion to strike the complaint, that the Workmen's Compensation act applied and provided the exclusive remedy. The judgment entered on the verdict rendered in the trial court was, however, affirmed on the ground that the death was not the result of an accident within the purview of that act. It did not consequently apply and it was held that resort had been properly had to the recognized rule of common law liability. See *Smith* v. *International High Speed Steel Co.*, 98 *N. J. L.* 574; 120 *Atl. Rep.* 188.

Plaintiff now seeks in this action to recover of defendant insurance company the amount paid by the steel company in settlement of this judgment, with costs and disbursements necessarily incurred, alleging that during the period of Slockbower's employment when his injury is said to have occurred or arisen, the insurance company had issued to the steel company, which in turn had paid the stipulated premiums in consideration thereof, two Universal Standard Workmen's Compensation policies whereby it undertook to insure the steel company for all injuries sustained by employes by reason of accidents happening during the period limit of the policies, and it is now claimed by the plaintiff that they covered the injury received by the employe in question and which caused his death.

It is admitted that the policies were issued and were valid to cover, under the Workmen's Compenastion act, employes injured in accidents arising out of and in the course of employment, during the period when Slockbower worked for the steel company. Defendant insists, however, that the injury in question was not of that character and cannot be raised as an issue inasmuch as it is now *res adjudicata*, in view of the opinion or decision of the Court of Errors and Appeals, *supra*.

The sole question submitted, therefore, is whether any provision of the policies is broad enough to cover the loss to the steel company by reason of the compulsory payment of the judgment obtained against it in behalf of Slockbower's next of kin. It is argued that there are such provisions in the policies and a number are suggested in the brief of counsel for plaintiff, while it is urged that the compulsory insurance act is broad enough to cover just such an injury as was here involved, together with the form of action brought to recover damages. *Pamph. L.* 1917, *ch.* 178; *Pamph. L.* 1919, *ch.* 254, *p.* 105. In such a case, it is insisted, it became obligatory for the steel company to so insure and that this was the intention of the company in procuring the policies in question of the defendant company.

A careful examination of the policies, however, discloses that they were issued with the intent of protecting the insured

against loss by reason of injuries to employes due to accidents arising out of and in the course of employment, and they are so labeled. The Workmen's Compensation act of 1911 and the amendments and supplements thereto are specially referred to, also the Compulsory Insurance act. There is no provision in either of the policies which indicates any intent on the part of the defendant company to assume, in addition to the requirements of the statute, and in behalf of the insured, any common law liability based on the steel company's negligence. The Compulsory Insurance act distinctly provides that compensation payments arising under section 2 of the 1911 act only are involved, while the title clearly sets forth the purpose and the relation to that act. Moreover, the premiums paid by the steel company were in accordance with and based upon the rates prescribed by the state compensation rating and inspection bureau, created by the Compulsory Insurance act and the policies themselves are in the standard form approved by the bureau. Section 14, which is the same substantially in both acts, provides that the policies shall not be regarded as insuring the employer against any liability whatsoever other than liability of the insured for compensation or damages because of personal injuries, including death, at any time resulting therefrom, sustained by the employe. That this refers to injuries arising under the Workmen's Compensation act and eliminates others seems sufficiently clear. Likewise the policies themselves contain the provision—section 1, paragraph 7—that the insurance agreement "shall apply only to such injuries so sustained" (obviously under the Workmen's Compensation act) "by reason of *accidents* occurring during the policy period."

That Slockbower's death was not due to an *accident* arising out of and in the course of his employment within the intent and meaning of the compensation act is *res adjudicata*. Court of Errors and Appeals, *supra*.

In the circumstances, plaintiff is not entitled to recover the sum claimed and judgment in favor of defendant and against plaintiff of no cause may be entered.