RALPH G. COAD, APPELLEE, v. LONDON ASSURANCE CORPORATION, APPELLANT.

FILED DECEMBER 12, 1929. No. 26968.

*Ziegler & Dunn* and *George W. Becker*, for appellant.

*Ralph G. Coad, pro se.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DAY, J.

This was an action brought by Ralph G. Coad against the London Assurance Corporation to recover from the defendant under a fire insurance policy for a radio which was damaged by lightning. The case was first instituted in the municipal court of the city of Omaha, where the plaintiff recovered. It was appealed to the district court for Douglas county, where the court, a jury being waived, found against the defendant, whereupon an appeal was taken to this court.

The only question in this case is whether or not the plaintiff's radio was covered by the policy of insurance of the defendant. The defendant contends that the loss sustained was not covered by the policy because it was excluded by the lightning and electrical exemption clause of said policy. It is therefore obvious that the determination of this case depends upon a construction of the policy.

The insurance policy in this case is designated as the "Uniform Standard Nebraska and North Dakota Dwelling Policy," which the parties agree has been in use in this state for more than 25 years. In order to understand the question here presented, the insurance clause, so far as applicable, is set out, as follows: The company insures the plaintiff "against all direct loss or damage by fire and lightning, except as hereinafter provided, * * * on household * * * furniture and utensils, useful and ornamental (the property of assured and all members of the assured's family)," including, among other specially enumerated articles, "electrical apparatus, appliances and devices; scientific apparatus, appliances, devices and implements, and all other furniture and fixtures not belonging to and constituting a permanent part of the building." This insurance clause of the policy clearly includes the radio as being insured against fire and lightning. If the policy ended at this point, there would be no question but that the plaintiff would be entitled to recover for the loss of the radio. But the company contends that the radio is not covered because of the electrical exemption clause, which is as follows: "It is a special condition of this policy that the company shall not be liable for any loss or damage to dynamos, exciters, lamps, switches, motors and other electrical appliances or devices, caused by electrical currents, whether artificial or natural (including lightning), and will be liable (if covered by this policy) only for such loss or damage to them as may occur in consequence of fire outside of the machines, appliances or devices themselves." It will be noted that there is a difference in the language of the insurance clause and the exemption clause. In the exclusion clause, the words dynamos, exciters, lamps,

switches, and motors are used. These are specific and particular descriptions of articles to be excluded, and are followed by the general words: "And other electrical appliances or devices." The rule of construction applicable to contracts is that, where general words follow particular or specific terms, they are restricted in meaning to those articles which are of the same kind as those specially mentioned. *Hoffman v. Eastern Wisconsin R. & L. Co.*, 134 Wis. 603. It is not contended by the assurance company that a radio is named or included in any of the words of particular description, but it is claimed that it is included in the words, "and other electrical appliances or devices." A radio is not of the same kind as the particularly described articles and is not therefore included by the general words just quoted. Certainly, it is not clear that the radio is excluded by the electrical exemption clause. It is the general rule that the insurance policy should be construed strongly against the insurance company, because of the fact that it prepared the contract, rather than the insured, and had the time and opportunity to select with care and ingenuity, and with a view to its own interest, the language in which it was written. *Connecticut Fire Ins. Co. v. Jeary*, 60 Neb. 338; *Hass v. Mutual Life Ins. Co.*, 84 Neb. 682; *Riser v. Federal Life Ins. Co.*, 207 Ia. 1101; *Githens v. Great American Ins. Co.*, 201 Ia. 266, 44 A. L. R. 863. Therefore, since it is clear that the radio in question was included in the insurance clause, and it is not clear that it was one of the losses excluded by the electrical exemption clause of the policy, the policy ought to be construed against the assurance company as covering the radio. The judgment of the lower court is

AFFIRMED.