Belleville Enameling & Stamping Company, Appellee,
v. United States Casualty Company, Appellant.

Opinion filed June 9, 1932.

C. E. FEIRICH, FARMER & KLINGEL, WM. R. GENTRY
and GEORGE A. SCHNEIDER, for appellant.

P. K. JOHNSON and W. E. KREBS, for appellee.

MR. JUSTICE FULTON delivered the opinion of the
court.

This is an action of assumpsit on a liability insurance policy to recover amounts which appellee paid
out on judgments and costs rendered against it in
favor of certain employees.

The appellee is the Belleville Enameling & Stamping
Company, a corporation engaged in the business of
making enamel ware in the City of Belleville, Illinois.
The appellant is the United States Casualty Company
engaged in writing liability policies.

Certain employees of appellee brought suit against
it for damages by reason of silicosis contracted while

employed in appellee's enamel plant. Judgments were obtained against appellee or compromises made in three certain cases and the losses paid in full by appellee. It is claimed by appellee that appellant is liable under the terms of the policy issued by it to appellee for the total amount paid out in satisfaction of judgments or in settlement of said suits. Liability is denied by appellant because it contends that silicosis is an occupational disease, and the policy covers only injuries caused by accident.

The case was tried before the court on a stipulation of facts, who found the issues in favor of appellee and assessed its damages at the sum of $17,539.72, which represents the total amount paid out in settlement of the silicosis suits together with interest and costs. Judgment was entered on the finding and appeal from said judgment was prosecuted to this court.

The sole question involved in this appeal is whether the loss sustained by the Belleville Enameling & Stamping Company in the three cases is covered by the terms of the liability insurance policy sued on.

Appellant issued four policies to appellee, each for a one-year period, but they are all alike so far as the purposes of this suit are concerned. The policy was termed, "Standard Workmen's Compensation and Employers' Liability Policy." The introductory clause reads as follows: "Does hereby agree with this employer named and described as such in the declarations forming a part hereof, as respects personal injuries sustained by employes including death at any time resulting therefrom as follows": Then follows a paragraph designated as "One (a)" which deals exclusively with claims arising under the Workmen's Compensation Law.

Paragraph One (b) so far as applicable is as follows: "One (b) To indemnify this employer against loss by reason of the liability imposed upon him by

law for damages on account of such injuries to such of said employes as are legally employed wherever such injuries may be sustained within the territorial limits of the United States or the Dominion of Canada.''

Paragraph 2 refers merely to the duty of appellant to furnish inspection.

Paragraph 3 provides for furnishing defense against claims brought against appellee.

Paragraph 4 provides for payment of costs of legal proceedings and investigations.

Paragraph 5 provides that the agreement shall apply to such injuries sustained by any person employed by the plaintiff whose entire remuneration shall be included in the total actual remuneration for which provision is made in the policy.

Paragraph 6 provides that the agreement of the policy shall apply to such injuries so sustained by reason of the business operations described in the declarations made by the plaintiff for the purpose of this insurance, including all operations necessary or incident or appurtenant thereto, wherever such operations are carried on.

Paragraph 7, about which the controversy rages, is as follows: ''Seven. This agreement shall apply only to such injuries so sustained by reason of accidents occurring during the policy period limited and defined as such in Item 2 of said declarations.''

Then follows the conditions and the list of declarations of appellee. Appellant insists that the losses of appellee in the silicosis suits are not covered by said policy because it covers only such losses as are sustained by the insured (appellee) on account of personal injuries caused by accident, and that silicosis was an occupational disease and not an injury sustained by accident.

Appellee contends that in the contract of insurance appellant undertook to protect appellee against loss

for all damages recovered against it by employees for personal injuries sustained in their employment. That two kinds of personal injuries are covered by the policy. First, those covered by the Workmen's Compensation Law and second, all injuries to employees to which damages, as distinguished from compensation, are recoverable. It is conceded that silicosis is not an injury by accident, as would bring it under the terms of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, but is an occupational disease contracted by persons engaged in sandblasting.

Appellee further contends that the purpose of paragraph seven is to define the time limits of the policy; that the word "accidents" in said paragraph is used in the sense of "occurrences" rather than in the more restricted sense, and that a complete consideration of all the terms of the policy shows that it was intended to cover all losses where the employer is required to pay damages on account of personal injuries to employees legally employed. Appellee cites authorities from Massachusetts and other jurisdictions in support of the claim that occupational disease is a personal injury.

Keeping in mind the argument of counsel and the well established rules of law that an insurance contract is to be interpreted by the same rules as other contracts and that where the insurance company leaves its design or meaning doubtful by the use of language that is not clear, courts will adopt a construction favorable to the insured as announced in the case of *Cottingham v. National Mutual Church Ins. Co.*, 290 Ill. 26, and also that a contract of insurance will be construed most strongly against the insurer, and after a careful reading of the provisions of this policy, we cannot interpret it to cover injuries that do not result from accident. To do so would mean the elimination and disregarding completely of paragraph seven. The policy does not in any part of the written contract con-

tain any reference to an injury caused otherwise than by accident. Paragraph seven "That this agreement shall apply only to such injuries so sustained by reason of accidents occurring during the policy period limited and defined as such in Item 2 of said declarations" is, to our minds, of compelling influence in the interpretation of this policy on the question at issue in this case.

In order to give the policy the meaning insisted upon by appellee, it would in effect require the elimination or rewriting of paragraph seven so as to make a new contract.

Courts can only examine contracts as they are written and it seems plain to us that the policy covers what it purports to cover, that is, injuries sustained by reason of accidents.

It is our opinion that the claim of appellee for losses paid out by reason of the three silicosis cases is not covered by the policy and that the trial court erred in finding the issues for appellee, and in entering judgment against appellant.

The judgment of the circuit court of St. Clair county is therefore reversed.

*Reversed.*

The clerk will insert in the judgment the following: The court finds that alleged injuries from silicosis are not covered by the policy in question.