UPDIKE INVESTMENT COMPANY, APPELLEE, V. EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., APPELLANT: EUNICE ROTH, APPELLEE.

FILED NOVEMBER 27, 1936. No. 29755.

*Kennedy, Holland, De Lacy & Svoboda,* for appellant.

*Walter H. Justin, Brogan, Ellick & Shoemaker* and *James J. Fitzgerald, Jr., contra.*

Heard before GOSS, C. J., GOOD, EBERLY and CARTER, JJ., and MUNDAY, District Judge.

GOOD, J.

This action is brought under the provisions of the uniform declaratory judgments act for construction of a policy of insurance, issued by defendant Employers Liability Assurance Corporation, Ltd., hereinafter called the corporation. The trial court rendered judgment for plaintiff and defendant Roth. The corporate defendant has appealed.

This is the second appearance of this cause in this court. Plaintiff had judgment, which was reversed on appeal to this court, because of the lack of necessary parties. The opinion on the former appeal is reported in 128 Neb. 295, 258 N. W. 470.

January 31, 1927, the corporation issued to plaintiff a policy of insurance which was denominated on its face as "Standard Workmen's Compensation and Employers' Liability Policy." The following provisions appear in the policy: The corporation "does hereby agree with this employer * * * as respects personal injuries sustained by employees * * *

"One. (a) To pay promptly to any person entitled thereto, under the workmen's compensation law and in the manner therein provided, the entire amount of any sum due, and all instalments thereof as they become due, * * *

"One. (b) To indemnify this employer against loss by reason of the liability imposed upon him by law for *damages* on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained."

"Three. To defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding *damages or compensation* therefor, although such suits, other proceedings, allegations or de-

mands are wholly groundless, false or fraudulent. (Italics supplied.)

"Four. To pay all costs taxed against this employer in any legal proceeding defended by the corporation, all interest accruing after entry of judgment and all expenses incurred by the corporation for investigation, negotiation or defense. * * *

"Seven. This agreement shall apply only to such injuries so sustained by reason of accidents occurring during the policy period limited and defined as such in item 2 of said declarations. * * *

"This Agreement is subject to the following conditions:

"F. This employer, upon the occurrence of an accident, shall give immediate written notice thereof to the corporation with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. * * * Nothing elsewhere contained in this policy shall relieve this employer of his obligations to the corporation with respect to notice as herein imposed upon him. * * *

"The obligations of paragraph one (a) of the policy to which this endorsement is attached include such workmen's compensation laws as are herein cited and described and none other.

"Chapter 198, Laws of 1913, incorporated in chapter 35, article VIII, Revised Statutes 1913, as amended by chapter 85, Laws of 1917, chapter 91, Laws of 1919, and chapter 122, Laws of 1921, state of Nebraska, and all laws amendatory thereof which may be or become effective while this policy is in force."

Defendant Eunice Roth was an employee of the plaintiff for a long time prior to the 17th day of October, 1927. In 1931 she instituted an action against the plaintiff for personal injuries which she alleged were sustained by her in the first 17 days of October, 1927, by reason of the negligence of plaintiff. She alleged that she was required to work in a place which subjected her to cold drafts of air that impaired her health and caused the injuries of which

she complained. When this action was instituted, plaintiff informed the corporation and requested it to defend the action for defendant in that action, plaintiff herein.. The corporation refused to defend on the following grounds: (1) That the insurance contract only covered injury resulting from an accident; (2) that Eunice Roth's petition did not allege an accident; (3) that said petition did not set forth an injury as mentioned in said policy; (4) that no notice was given by the plaintiff of the claim of said Eunice Roth, and that notice was not given as required by the terms of the policy. The corporation also denied liability because no notice was given of any accident or injury until commencement of action by Eunice Roth.

From a careful examination of the above quoted policy provisions, it is apparent that they cover two kinds or types of liability which are expressed in paragraphs one (a) and one (b). The first of the two provisions provides for losses arising on account of personal injuries under the workmen's compensation law, and the second provides for losses from personal injuries arising under the common law. We think the provisions under sections one (b) and three are sufficient to create a liability on the part of the insurer for such a claim as made by Eunice Roth, unless such claim is excluded by reason of paragraph seven. In fact, the corporate defendant does not seriously contend otherwise; but it does contend that the last mentioned paragraph limits the foregoing paragraphs and covers only loss sustained by reason of accident, and that the claim made by Eunice Roth does not arise out of an accident.

The corporate defendant cites and relies upon two cases from New Jersey and one from Illinois, namely: *Maxson v. New Jersey Manufacturers' Casualty Ins. Co.,* 10 N. J. Misc. 1164, 162 Atl. 427, *United States Radium Corporation v. Globe Indemnity Co.,* 13 N. J. Misc. 316, 178 Atl. 271, and *Belleville Enameling & Stamping Co. v. United States Casualty Co.,* 266 Ill. App. 586.

In the first of the New Jersey cases cited, the employee's death was occasioned by a diseased condition of his lungs,

due to fine particles of metallic and mineral substances. thrown into the air as a result of the work in which he was. engaged; that is to say, polishing and boring steel tubing in which an emery wheel was used. The court said that the gravamen of the complaint was that the employing company was liable because of its failure to provide a reasonably safe place in which to work, and in failing to install adequate mechanical means of keeping the air free of the offending substances. In other words, negligence was alleged. There was a recovery against the employer. The court, however, said that the policies "were issued with the intent of protecting the insured against loss by reason of injuries to employees due to accidents arising out of and in the course of employment, and they are so labeled. The workmen's compensation act of 1911 and the amendments and supplements thereto are specially referred to; also the compulsory insurance act. There is no provision in either of the policies which indicates any intent on the part of the defendant company to assume, in addition to the requirements of the statutes, and in behalf of the insured, any common-law liability based on the steel company's negligence. The compulsory insurance act distinctly provides that compensation payments arising under section two of the 1911 act only are involved, while the title clearly sets forth the purpose and the relation to that act." We think this case is not applicable to the situation disclosed by the record.

In the second of the New Jersey cases cited, *United States Radium Corporation v. Globe Indemnity Co., supra,* the employee was injured by radium poisoning and recovered against the employer, and the employer brought action against the insurance company. In the opinion it was said that the cause was submitted upon a stipulation, in which it was stipulated that the employee died from an occupational disease and that this, in effect, excluded the idea of an accidental injury. The Illinois case relied upon, *Belleville Enameling & Stamping Co. v. United States Casualty Co., supra,* appears to sustain the contention of the corpo-

rate defendant. However, in that opinion there is no discussion of the meaning of the word "accident," nor does it appear that the term "accident" was defined in the policy.

We think the decision in the instant case must be controlled to a great extent by well-settled principles of insurance law. One of these is that, where the language employed in a policy of insurance is susceptible of more than one construction, that most favorable to the insured will be adopted. See *Connecticut Fire Ins. Co. v. Jeary,* 60 Neb. 338, 83 N. W. 78; *Harr v. Highland Nobles,* 78 Neb. 175, 110 N. W. 713; *Arendt v. North American Life Ins. Co.,* 107 Neb. 716, 187 N. W. 65; *Hamblin v. Equitable Life Assurance Society,* 124 Neb. 841, 248 N. W. 397; *Jensen v. Lincoln Hail Ins. Co.,* 125 Neb. 87, 249 N. W. 94; *George W. Deer & Son v. Employers Indemnity Corporation,* 77 Fed. (2d) 175. Another of the principles applicable is that, where the insuring clause of an insurance policy clearly covers a risk, and a subsequent limiting clause does not clearly exclude it, such risk will be deemed covered by the policy. *Coad v. London Assurance Corporation,* 119 Neb. 188, 227 N. W. 925.

The term "accident" has many meanings, and when used in a contract of indemnity insurance, unless otherwise stipulated, it should be given the construction most favorable to the insured. It is true that, generally, accident insurance policies provide for risks only where the insured suffers an accidental injury by external violent means. There is in the policy in question no attempt to define the term "accident." Consequently, the meaning of the word most favorable to the insured should be accepted.

In *Chapin v. Ocean Accident & Guarantee Corporation,* 96 Neb. 213, 147 N. W. 465, it was said (p. 217): "The word 'accident' is susceptible of and has received many definitions, varying with the connection in which it is used. It is: 'An event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event; chance; contingency; often, an undesigned and unforeseen occurrence of an afflictive or unfortunate character; cas-

ualty; mishap.'" This definition is quoted from Webster's New International Dictionary. In the opinion it was further said: "As used in an indemnity policy such as this, we are of opinion that the word 'accident' means an undesigned and unforeseen occurrence of an afflictive or unfortunate character resulting in bodily injury to a person other than the insured." Since this is an ordinary meaning of the word and is more favorable to the insured, under the principles above quoted such definition must be accepted as the meaning of the term, as used in paragraph seven of the policy in question. We think it necessarily follows that the claim made by Eunice Roth in her petition may be properly designated as an accident and that it is covered by the insurance policy.

The record discloses that no notice of the accidental injury to Eunice Roth was given to the defendant corporation until action was brought by her more than three years after the time when she received the alleged injury of which she complains, but the record also discloses that no one having direct management of the assured had any notice that Miss Roth had received any injury, for which the assured would be liable, until about a week before the action was brought, and then only an intimation that the assured might be liable, and this intimation was not taken seriously by the officer of the assured. However, it appears that the father of Miss Roth was a secretary of the assured, but his duties were to record the minutes of the meetings and keep the books; he had no managerial duties, and whatever information he may have had as to a possible action is not fully disclosed, and, were it disclosed, we think it would be insufficient to place any duty or obligation on the assured to give notice to the defendant. It may be conceded that such a provision in a policy is reasonable and enforceable in a proper case.

However, this court has held on numerous occasions that notice is not required until such facts have developed as would suggest to a person of ordinary and reasonable prudence that liability may arise, and the requirement of notice

is met by giving notice within a reasonable time after the injury presents an aspect of a possible claim for damages. See *Chapin v. Ocean Accident & Guarantee Corporation, supra,* in which the notice was not given until about a year after the alleged action. A like holding appears in *George v. Aetna Casualty & Surety Co.,* 121 Neb. 647, 238 N. W. 36. In that case almost a year elapsed, but under the circumstances the notice was held to have been given within sufficient time. See, also, *Midland Glass & Paint Co. v. Ocean Accident & Guarantee Corporation,* 102 Neb. 349, 167 N. W. 211. In the latter case injury occurred May 20, 1911, and assured did not learn of any claim, and gave the company no notice, until 1914. We think, under the circumstances, that notice in the instant case was given as promptly as the situation required.

No error prejudicial to the rights of defendant corporation has been disclosed. It follows that it was the duty of the corporation to assume the defense in the action brought by Eunice Roth against the plaintiff.

The judgment of the district court appears to have made sound declarations of the rights of the parties and is

AFFIRMED.