Midland Glass & Paint Co. v. Ocean Accident & Guarantee Corporation.

---

MIDLAND GLASS & PAINT COMPANY, APPELLANT, v. OCEAN ACCIDENT & GUARANTEE CORPORATION, APPELLEE.

FILED MARCH 30, 1918. No. 19718.

1. **Insurance: INDEMNITY POLICY: NOTICE OF ACCIDENT.** "A provision in an accident indemnity policy that the assured on the occurrence of an accident shall give immediate written notice thereof, with the fullest information obtainable at the time, to the assurer is a reasonable requirement, but the term 'immediately' is to be reasonably construed in connection with the attendant circumstances." *Chapin v. Ocean Accident & Guarantee Corporation*, 96 Neb. 213.

2. ——: ——: ——. In a case where no bodily injury is apparent at the time of the accidental occurrence, and there is no reasonable ground for believing that a claim for damages may arise therefrom, the assured is not required to give the insurer notice until the subsequent facts as to injury are brought to his attention, and if notice is given immediately thereafter with full information as to the accident, such notice will be a sufficient compliance with the provision above mentioned.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Reversed.*

*Baldrige & Keller,* for appellant.

*Nolan & Woodland, contra.*

HAMER, J.

This was an action to recover on an employer's liability policy issued by the Ocean Accident & Guarantee

Midland Glass & Paint Co. v. Ocean Accident & Guarantee Corporation.

Corporation, by which it insured the Midland Glass & Paint Company against loss from liability on account of bodily injuries accidentally suffered by any of the employees of the assured. The record discloses that the assured was sued by one Omar Earl in the district court for Douglas county for damages which he claimed to have suffered while he was employed by the assured. Judgment was rendered against assured for the sum of $575 and costs, which, with attorney's fees, amounted to $602 which the Midland company was required to pay, and this suit was brought to recover that sum from the defendant herein on its policy of insurance. The cause was tried to the court without a jury, and resulted in findings and a judgment for the defendant dismissing plaintiff's action. Appellant's main contention is that the trial court erred in a conclusion of law that the failure of the assured to give notice to the defendant company of the alleged accident to Omar Earl at the time or shortly after it occurred released the insurance company from all liability to plaintiff on its policy.

There was no dispute between the parties as to the issuance of the policy on which the suit was brought or as to its terms, one of which was: "The assured, upon the occurrence of an accident, shall give immediate written notice thereof, with the fullest information obtainable at the time, to the American head office of the corporation, or to one of its duly-authorized agents. The assured shall give like notice, with full particulars, of any claim made on account of such accident. If thereafter any suit is brought against the assured to enforce such claim, the assured shall immediately forward to the American head office of the corporation every summons or other process that may be served upon the assured."

This provision was pleaded as a defense, and on this provision the court found for the defendant and dismissed the plaintiff's action. The record and bill of exceptions show without serious dispute that on the 20th

day of May, 1911, while the policy in question was in force, Omar Earl, while employed by the appellant as a janitor in its plant, was struck by a fire door, and was found down a stairway between the first floor and the basement of this building; that he fell down on the steps and rolled down the stairs until he reached the third or fourth step from the bottom, when he was caught by a fellow workman and helped the rest of the way to the basement floor. Earl immediately stated to all of those present that he was not injured or hurt in any way except a slight abrasion of the skin on one of his fingers. He went on with his work at once, refusing to consult a doctor, and continued his employment for many months thereafter, drawing full pay and never making any complaint of any injury to any one. More than a year afterwards Earl left the employment of the Midland company and engaged in keeping a rooming house, and on the 18th day of April, 1914, without any notice or making any claim of injury, commenced an action against the company for damages, alleging that he sustained injuries by reason of the accident of May 20, 1911. As soon as summons was served on the Midland Glass & Paint Company, and it had notice of Earl's claim, it immediately sent the summons to the insurance company and gave it notice of the claim, together with a full statement of all the facts and requested the defendant company to defend the suit. This the defendant refused to do, and claimed that it was under no obligation to the assured, because it had not been notified of the accident of May 20, 1911; that the policy was void for that reason. The appellant then filed an answer in the said action, but finally, after notifying the insurance company of its intention to do so, settled the suit by allowing the plaintiff to take judgment for $575, costs and attorney's fees, as above stated, and after paying the judgment brought the suit against the insurance company on its policy.

Appellant in support of its contention cites *Chapin v. Ocean Accident & Guarantee Corporation*, 96 Neb. 213. That case seems to be decisive of the instant case. In that case the appellee herein was the defendant, and pleaded the same provision of the policy as in this case. It was then held that the facts, which were much the same as those in the instant case, were sufficient to excuse the plaintiff from notifying the insurance company of the alleged accident at or immediately after it occurred, and the defendant was held liable on its policy. In the opinion of LETTON, J., it was said: "As used in an indemnity policy such as this, we are of opinion that the word 'accident' means an undesigned and unforeseen occurrence of an afflictive or unfortunate character resulting in bodily injury to a person other than the insured. It is evident that it cannot have been the intention of the parties that such an accident as a mishap, casualty or misadventure occurring without bodily injury to any one should be reported, since with such an occurrence defendant has no concern. To illustrate, suppose that in carelessly closing the door of an automobile the man in charge should inflict a slight or trivial bruise upon a passenger or bystander, of which no present external indication appeared, and as to which the individual disclaimed any injury, or suppose that the finger of such a one was pricked or his skin abrased in some manner, resulting from the use of the automobile, would the policy make it imperative that immediate notice of such occurrence should be given, upon the penalty of a loss or forfeiture of the insurance in case an injury later developed? We cannot take this view. If no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result from the accident, there was no duty upon the assured to notify the insurer."

We quote the foregoing language with approval, and it seems clear that the assured in this case was under

no obligation to notify the insurance company of the slight accident May 20, 1911. He was not required to give notice of an injury so long as there was no evidence that the injury existed. *Woodmen Accident Ass'n v. Pratt,* 62 Neb. 673; *South Knoxville Brick Co. v. Empire State Surety Co.,* 126 Tenn. 402; *Empire State Surety Co. v. Northwestern Lumber Co.,* 203 Fed. 417.

This court does not look favorably on conditions of forfeiture, and they are not to be adopted unless such was the obvious intention of the parties. In *Phenix Ins. Co. v. Holcombe,* 57 Neb. 622, Mr. Justice Sullivan, speaking for this court, said: "Forfeitures are not favored, and in contracts of insurance a construction resulting in a loss of the indemnity for which the insured has contracted will not be adopted except to give effect to the obvious intention of the parties."

In *Woodmen Accident Ass'n v. Pratt, supra,* it was held: "When a time is fixed in a policy of accident insurance for the giving of the notice of an accident and injury resulting therefrom for which indemnity is claimed, with the particulars thereof, which is reasonable in its character, this will ordinarily be regarded as a condition precedent to be complied with before a recovery can be had. * * * The question of the sufficiency of the excuse offered, and the reasonableness of the time in which the act is performed, (is) to be determined according to the nature and circumstances of each individual case; the beneficiary in all cases being required to act with diligence, and without laches on his part."

In the case at bar it clearly appears that no one had any idea that a claim for damages would ever result therefrom. Indeed, Earl himself at all times stated that he was not hurt, and the abrasion on his finger was so slight that it never interfered with his work. In fact, he continued to perform his duties without complaint, receiving full pay for many months, and never notified the insured until his suit was brought. Notice of his

102 Neb.—23

claim was given to the defendant company as soon as the assured knew of it, and under the circumstan cs we hold that the policy was not forfeited by the failure to give defendant notice on or immediately after the 20th day of May, 1911. It follows that appellant's contention is well founded.

The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.

SEDGWICK, J., not sitting.