Nichols, C. J.
The defendant in error, John Roehm, while engaged in a game of basket ball, on ......day of June, 1914, in the city of Dayton, Ohio, was accidentally struck a hard blow in the left eye. Although immediately seeking medical treatment, neither he nor his physician apprehended any serious injury from the blow. For about ten months thereafter he attended to his ordinary business, wholly without appreciation that his sight was other than normal. Consulting another physician in April, 1915, he learned for the first time that as a direct result of such accidental blow he had lost the greater part of the vision of the injured eye. He thereupon submitted to treatment, in endeavor to save his sight; all, however, without relief, the final outcome of the affair being the entire loss of the sight of both eyes. Immediately after becoming aware of the fact that serious injury had been occasioned by the blow, due notice was given the insurance company.
At the time the defendant in error met with the accident he was the holder of a policy in The Employers’ Liability Assurance Corporation, Ltd., which insured him “against bodily injuries during the term of the policy.” This policy contained the following provision on the subject of notice: “No claim shall be valid on account of any injuries, fatal or otherwise, unless written notice is given to the company within thirty days from the date of sustaining any injuries, fatal or otherwise (unless such notice may be shown not to have been reasonably possible), for which claim is to be made.”
*345 In August, 1917, within a month of the time that full knowledge was available as to the ultimate extent of the injury, action was entered in the common pleas court of Montgomery county to recover on the policy.
The insurance company demurred to the petition, its position being that since the petition showed that notice was not given of the happening of the accident, within the time stipulated by the policy, namely thirty days, the plaintiff was without remedy.
From the time the blow on the eye was received until the serving of the notice, a period of quite ten months elapsed, so unless circumstances are disclosed constituting a legal .excuse for failure to serve notice sooner, and within the period of thirty days, the demurrer to the petition was properly sustained by the court of common pleas of Montgomery county.
The only excuse recognized by the company for failure to serve notice is that the service of such notice was not reasonably possible. It is claimed by the company that this excusing clause has no relation to the injury itself, or its nature and extent, but relates wholly to some condition that the insured might have found himself in at the time — for instance, continued delirium, or some state of mind that would have rendered him practically unaccountable in law for his conduct. It refuses to recognize that any uncertainty as to the extent of the injury, or even the belief on the part of the insured that the injury was so insignificant that he did not want to dignify it by presenting a claim *346 therefor, constitutes any excuse under this clause for failure to give notice.
The position of the defendant in error is that his conduct was entirely consistent with the attitude of a reasonable and prudent man; that, so long as he was unaware that any consequence of a serious nature was to be apprehended, he had decided to refrain from presenting a claim, and therefore notice was unnecessary; and that it was only when the truth had forced itself on his. attention, that the very serious effect soon thereafter realized to the fullest, was likely to follow, that he felt he had a valid claim under the policy, and that then he immediately gave the required notice.
The question for determination is: Do the facts alleged in the petition justify the holding that as a matter of law the plaintiff is to be denied recovery, or are they such as to require the submission of the cause to a jury for its solution?
We are of opinion that the failure of the plaintiff to notify the company of the fact that he had suffered a blow over the eye, within the thirty-day period, will not necessarily operate to defeat a recovery. His conduct between the day that the blow was inflicted and the day that the terrible possibility fell on him like a thunderbolt was highly commendable, if not exceptional. It showed a high regard for the rights of the insurance company, for, all too often, very slight injuries are made the basis of a claim for indemnity. It would seem a poor reward for virtue, if conduct of this character were to be made the groundwork for a successful defense against recovery for a grievous loss. It *347 would penalize a decent regard for the rights of others and put a premium on that sort of conduct that carries insurance for profit rather than protection.
It would seem quite clear that the entire lack of knowledge, or even apprehension, on Roehm’s part, that any serious result was to follow from the accidental blow, creates a condition fairly within the terms of the policy excusing notice. At no time within the period of ten months would it have been possible for him to give notice of a state of facts entirely unknown to and unsuspected by himself.
It is recognized in every jurisdiction that provisions as .to notice must be reasonably construed; indeed, the authorities generally hold that such provisions should be liberally construed in favor of the insured. Much the greater weight of authority outside of Ohio supports the doctrine that notice given immediately after the extent of the injury is brought to the knowledge of the insured is a compliance with the requirement that notice must be given within a time reasonably possible after the happening of the accident.
In the case of Maryland Casualty Co. v. Ohle, 120 Md., 371, 87 Atl. Rep., 763, the court held in effect that under a clause in an accident insurance policy, which required notice of injury to be given as soon as might be reasonably possible, a notice given by a physician of loss of sight, due to infection during an operation, five months after the injury was received, but as soon as he learned that his sight was destroyed, was sufficient.
*348 Practically the same doctrine was announced by the supreme court of Pennsylvania in the case of People's Mutual Accident Co. v. Smith, 126 Pa. St., 317. Similar views were evidently held by the supreme court of Nebraska, as announced in the case of Midland Glass & Paint Co. v. Ocean Accident & Guarantee Corp., 102 Neb., 349.
In the case at bar there is no charge of fraud or claim of bad faith, nor can there be any pretense that the delay in giving notice was prejudicial to the insurer. Neither can it be urged that there are not circumstances tending to justify the delay.
In these vital respects this case is to be distinguished from the case of Travelers' Ins. Co. v. Myers & Co., 62 Ohio St., 529, upon which authority the plaintiff in error chiefly relies.
Notwithstanding this difference in fact we are of opinion that the conclusion we have reached in the case at bar will necessitate the overruling of the fourth proposition advanced in the syllabus of the Myers case, supra. Our disagreement is not, of course, with the first paragraph of the proposition in question, for we are now holding that the question of compliance with terms of the notice may depend upon the circumstances of the case. We are, however, out of harmony with the view, that, in a case of the character under investigation, with its attendant circumstances, where the facts are not disputed, what is a sufficient compliance with the policy requirements as to notice is a question of law. On the contrary, we feel that the insured has a right to have a jury pass on the question and determine whether the circumstances *349 of this particular case did not justify and excuse his conduct in failing to give the notice called for by the policy until he actually became aware that- his eyesight was seriously affected.
We find authority supporting our conclusion herein in the second proposition of the syllabus of the case of Hickman v. The Ohio State Life Ins. Co., 92 Ohio St., 87. That case, like the one at bar, was one involving the right to recover on an accident insurance policy. The policy provided that in the event the insured exposed himself to obvious risk of injury, or obvious danger, the company’s liability should be but one-fifth the face of the policy. The litigation was centered around the question whether the insured had so exposed himself. The court of appeals of Cuyahoga county held that since the facts in the matter were substantially undisputed it became the duty of the court to determine the issue as a matter of law, and denied the right of a jury to pass on the question of fact. This court reversed the court of appeals, holding, in the second proposition of the syllabus : “When, in such an action, an issue of fact is made by the pleadings, as to whether the injury to the insured resulted while he was exposing himself to a risk or danger which was obvious to him at the time, and there is no substantial conflict in the testimony of the witnesses on the trial, but the unconflicting testimony discloses a. variety of circumstances from which different minds might réasonably arrive at different conclusions as to that issue, it is the duty of the court to submit the determination of it to the jury.”
*350 So, in the instant case, the question as to whether it was reasonably possible for Roehm to notify the company as to the injuries sustained, at a period of time earlier than that employed by him, and within the thirty days mentioned in the policy, is one about which different minds might reasonably arrive at different conclusions.
The judgment of the court of appeals is, therefore, affirmed, and the cause is remanded to the court of common pleas of Montgomery county, with instructions to overrule the demurrer of the insurance company, and for further proceedings according to law.

Judgment affirmed and cause remanded.

Jones, Matthias, Johnson, Donahue, Wanamaker and Robinson, JJ., concur.