TEDROW, AS UNITED STATES DISTRICT AT-TORNEY FOR THE DISTRICT OF COLORADO, *v.* A. T. LEWIS & SON DRY GOODS COMPANY ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 357. Argued October 19, 20, 1920.—Decided February 28, 1921.

Decided on the authority of *United States* v. *Cohen Grocery Co., ante,* 81.

Affirmed.

BILL to enjoin institution of criminal prosecutions against dealers in wearing apparel, under § 4 of the Food Control Act.

*The Solicitor General,* for appellant, in addition to the points made in the principal case, *ante,* 81, contended:

A controversy as to the proper construction of a criminal statute does not authorize an injunction against prosecutions under that statute.

The exclusion from the act of farm products in the hands of the producer is not an arbitrary and unconstitutional classification.

The penalties provided are not so unusual, excessive, cruel and drastic as to be unconstitutional.

*Mr. Charles E. Hughes* and *Mr. Clayton C. Dorsey,* with whom *Mr. Gerald Hughes* was on the brief, for appellees.

*Mr. William D. Guthrie, Mr. Benjamin F. Spellman* and *Mr. Bernard Hershkopf,* by leave of court, filed a brief as *amici curiæ.*

*Mr. Wm. A. Glasgow, Jr.,* and *Mr. Louis O. Van Doren,* by leave of court, filed a brief as *amici curiæ.*

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Various dealers in wearing apparel in the City of Denver filed their bill to enjoin the United States Attorney from instituting prosecutions against them under § 4 of the Lever Act on the ground that Congress had no power to adopt that section because a state of peace prevailed, or, if a state of war existed, the regulation of the price for which wearing apparel should be sold was beyond the authority of Congress, and for the further reason that the section in question was void for repugnancy to the Fifth and Sixth Amendments to the Constitution because of its vagueness, want of standard, and denial of the equal protection of the laws. The case was submitted on bill and answer and the statute was held void because of its uncertainty and want of standard, and its enforcement was enjoined.

That the court was right in this ruling, which is the subject now before us upon direct appeal brought by the Government, is not open in view of the decision this day in the *Cohen Grocery Co. Case, ante,* 81, and, for the reasons stated in that case, it is affirmed.

*Decree affirmed.*

MR. JUSTICE PITNEY and MR. JUSTICE BRANDEIS concur in the result.

MR. JUSTICE DAY took no part in the consideration or decision of this case.