KENNINGTON ET AL. *v.* PALMER ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF MISSISSIPPI.

No. 367. Argued October 19, 20, 1920.—Decided February 28, 1921.

1. Decided, as to the unconstitutionality of part of the Food Control Act, upon the authority of *United States* v. *Cohen Grocery Co., ante,* 81.
2. Equity will enjoin criminal prosecutions threatened under a void statute, the legal remedy being inadequate.

Reversed.

BILL to enjoin criminal prosecutions against dealers in wearing apparel under § 4 of the Food Control Act.

*Mr. Garner Wynn Green,* with whom *Mr. Marcellus Green* and *Mr. Wm. H. Watkins* were on the briefs, for appellants.

*The Solicitor General,* for appellees, in addition to the points presented in the preceding cases, argued that the act does not take property without due process of law. There was no contention that a mere failure to conform to prices fixed by a fair-price committee can be made the basis of a criminal prosecution.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The appellants, dealers in wearing apparel in the city of Jackson, Mississippi, filed their bill in the court below against the Attorney General and subordinates charged by him with administrative duties under § 4 of the Lever

Act to enjoin the enforcement against them of provisions of that section. Their right to relief was based upon averments as to the unconstitutionality of the assailed provisions of the section, not only, in substance, upon the contentions which we have this day considered and disposed of in the *Cohen Grocery Co. Case, ante,* 81, but upon other grounds as well.

Without passing upon the question of constitutionality, the court dismissed the bill for the reason that the complainants had an adequate remedy at law, and the correctness of the decree of dismissal is the question now before us on direct appeal.

As it is no longer open to deny that the averments of unconstitutionality which were relied upon, if well founded, justified equitable relief under the bill,[1] and because the opinion in the *Cohen Case* has conclusively settled that they were well founded, it follows that the court below was wrong and its decree must be and it is reversed and the case remanded for further proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE PITNEY and MR. JUSTICE BRANDEIS concur in the result.

MR. JUSTICE DAY took no part in the consideration or decision of this case.

---

[1] *Wilson v. New,* 243 U. S. 332; *Adams v. Tanner,* 244 U. S. 590; *Hammer v. Dagenhart,* 247 U. S. 251; *Hamilton v. Kentucky Distilleries Co.,* 251 U. S. 146; *Ruppert v. Caffey,* 251 U. S. 264; *Ft. Smith & Western R. R. Co. v. Mills,* 253 U. S. 206.