# WHITE v. FEDERAL RADIO COMMMISSION et al.

## EMIL DENEMARK, Inc., v. SAME.

District Court, N. D. Illinois, E. D. October 16, 1928.

Nos. 8566, 8575.

Urion, Drucker, Reichmann & Boutell, of Chicago, Ill., for plaintiffs.

George E. Q. Johnson, U. S. Atty., of Chicago, Ill., for defendants.

WILKERSON, District Judge. These are suits to enjoin the enforcement of an order of the Federal Radio Commission on the ground that the Radio Act of 1927 (47

USCA §§ 81–119) is unconstitutional and that the Radio Commission proceeded improperly thereunder. The plaintiff made a motion for a temporary injunction on the face of the bill. Defendants then moved to dismiss the bill for want of jurisdiction in equity.

■ Courts sometimes say that there is no jurisdiction in equity, when they mean only that equity ought not to give the relief asked. In a strict sense the court in this case has jurisdiction. It has power to grant an injunction, and, if one is granted, its decree, even though it may be erroneous, would not be void. The motion of the defendants to dismiss for want of jurisdiction in equity will be overruled.

■ It is no longer open to denial that the averments of the unconstitutionality of the statute, which are relied upon, if well founded, justify equitable relief under the bill. Kennington v. Palmer, 255 U. S. 100, 41 S. Ct. 303, 65 L. Ed. 528; Adams v. Tanner, 244 U. S. 590, 37 S. Ct. 662, 61 L. Ed. 1336, L. R. A. 1917F, 1163, Ann. Cas. 1917D, 973; Hammer v. Dagenhart, 247 U. S. 251, 38 S. Ct. 529, 62 L. Ed. 1101, 3 A. L. R. 649, Ann. Cas. 1918E, 724; Hamilton v. Kentucky Distilleries, 251 U. S. 146, 40 S. Ct. 106, 64 L. Ed. 194; Ruppert v. Caffey, 251 U. S. 264, 40 S. Ct. 141, 64 L. Ed. 260; Ft. Smith & Western R. R. Co. v. Mills, 253 U. S. 206, 40 S. Ct. 526, 64 L. Ed. 862.

A suit in equity to enjoin the United States attorney from instituting criminal proceedings under a statute of the United States is manifestly a suit against the United States. If property rights are invaded, and the statute in question is unconstitutional, it is void, is to be treated as nonexistent, and so no defense to the United States attorney. When instituting criminal proceedings under it, he is to be regarded, not as representing the United States in his official capacity, but as acting individually. In his concurring opinion in Weed & Co. v. Lockwood (C. C. A.) 266 F. 785, 794, Circuit Judge Hough said:

"Whether 'property rights are invaded' is a question of degree. Yet oftentimes the degree of invasion is a test of equitable jurisdiction. Thus there is usually no difference in material kind between a single act of nuisance and a continuing nuisance. So here (speaking of the Lever Act, 41 Stat. 297), for one making a sale a month might perhaps continue to exist in a business sense under this statute; he could find out whether he was a criminal before he was ruined. But a retail storekeeper, who cannot do a day's business without running the risk of perhaps a thousand indictments, is suffering a very real invasion."

■ The same rule is applicable where there has been an unconstitutional exercise of power under a constitutional statute, and property rights have been invaded. Philadelphia Co. v. Stimson, 223 U. S. 605, 32 S. Ct. 340, 56 L. Ed. 570.

■ As to the motion to dismiss for want of equity on the face of the bill, the rule which prevails in courts of equity, in disposing of motions to dismiss because the bill does not set up facts sufficient to constitute a cause of action, is to overrule the motion and let the case go to hearing, unless it is founded upon an absolutely clear proposition that, taking the allegations to be true, the bill must be dismissed at the hearing. Kansas v. Colorado, 185 U. S. 125, 144, 22 S. Ct. 552, 46 L. Ed. 838; U. S. v. Railway Employés' Department (D. C.) 286 F. 228, 230.

In resisting the application for a temporary injunction, the defendants have not rested their opposition upon the allegations of the bill. They have filed affidavits and exhibits which bring into controversy some of the substantial averments of the bill. The motion to dismiss for want of equity on the face of the bill, therefore, will be overruled, and defendants will answer under the equity rule.

We come, then, to the motions for a temporary injunction. On this motion my conclusions are:

■ 1. This power of the court should be exercised only in clear cases, and where intervention is necessary to protect rights effectually against injuries otherwise irremediable.

■ 2. The regulation of radio communication is a valid exercise of the power of Congress under the commerce clause.

■ 3. The Act of February 23, 1927, is not invalid, in whole or in part, by reason of the indefiniteness of the standard prescribed by the Congress for the guidance of the commission in issuing licenses.

■ 4. The Act of February 23, 1927, is not invalid, in whole or in part, by reason of the requirement that an applicant for a license shall sign a waiver of any claim to the use of any particular frequency or wave length or of the ether, as against the regulatory power of the United States, because of the previous use of the same, whether by license or otherwise.

■ 5. The construction of plaintiffs' plant and its operation under the licenses obtained prior to the Act of February 23, 1927, did not create property rights which may be asserted against the regulatory power of the

United States, if that power is properly exercised.

6. The Commission, in making orders relative to licenses, is subject to the following rule: Administrative orders, quasi judicial in character, are void, if a hearing was denied, if that granted was inadequate or manifestly unfair, if the finding is contrary to the indisputable character of the evidence, or if the facts found do not as a matter of law support the order made. The commission may not capriciously make findings by administrative fiat. Such authority, however beneficently exercised in one case, could be injuriously exercised in another, is inconsistent with rational justice, and comes within the Connstitution's condemnation of all arbitrary exercise of power.

7. Upon the record presented, I am not prepared to hold that the order of the commission is contrary to the indisputable character of the evidence, and, therefore, arbitrary and void.

8. The statute provides a method of review, where it is claimed that the commission has improperly exercised its power under the statute in refusing licenses. It is not to be believed that the commission would claim, if an appeal were taken, that what it has done in substance is to refuse what the plaintiff sought, although it did give its permission to do something else. I am of the opinion that the plaintiffs have not exhausted their remedy under the statute.

The motions for a temporary injunction will be denied. Orders may be drafted as I have indicated, and may be submitted for entry.