## NEW YORK LIFE INS. CO. v. LONDON.
### No. 4310.

District Court, D. Massachusetts.

July 3, 1936.

F. H. Nash and Richard Wait, both of Boston, Mass., for plaintiff.

Henry H. Davis, of Boston, Mass., for defendant.

BREWSTER, District Judge.

This is a petition for a declaratory judgment, brought under section 274d of the Judicial Code (Act of June 14, 1934, 28 U.S.C.A. § 400).

The petition is before the court upon defendant's motion to dismiss. The petition alleges that the plaintiff is a life insurance company which issued, between May 16, 1925, and July 1, 1927, four policies of insurance to the defendant. Copies of the policies are annexed to the petition. The aggregate amount of the policies is $30,000. By the terms of these policies, the company agreed to pay the insured $10 per $1,000 of the face of the policies each month during the lifetime of the insured, and also to waive the payment of premiums if the insured should become wholly and presumably permanently disabled before he had reached a specified age.

In the contracts the insured agreed to pay stipulated premiums, in some cases annually and in others semiannually.

The policies contain the usual clause providing for default for nonpayment of premiums, with thirty days' grace.

Prior to April 1, 1932, the defendant became afflicted with arthritis, which prevented him from engaging in any occupation for remuneration or profit, and the plaintiff recognized defendant's claim for the payments under the policies, due on account of such disability. These payments were continued to and including September 1, 1934. It is alleged that after that date the defendant's condition improved and plaintiff no longer deemed his disability to be total within the meaning of the policies, and since that date has refused to make any payments under the policies. The defendant denies his recovery and still claims total disability.

On January 4, 1936, the defendant began proceedings against the plaintiff to recover the monthly payments under said policies, which action the plaintiff caused to be removed to the federal court; whereupon the defendant discontinued the action, and upon information and belief it is alleged that the defendant intends to bring, in the state courts, separate suits on each policy in order to keep the ad damnum below $3,000 whenever possible, thus preventing removal to this court.

Plaintiff alleges an actual controversy between it and the defendant as to its obligations to the defendant, arising out of the defendant's claims and demands under the policies; whereupon the plaintiff prays for this court to "declare the *rights of the defendant and the obligation of the plaintiff* under the said policies." (Italics supplied.)

The provisions of the statute pertaining to the present inquiry are as follows:

"(1) In cases of actual controversy * * * the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such. * * *

"(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

The defendant's motion to dismiss raises for consideration two contentions: (1) That the Declaratory Judgment Act impairs the defendant's right to a trial by jury and is, therefore, unconstitutional; (2) that the case at bar does not fall within the reach of the act, since no right or legal relationship of the plaintiff is in controversy.

First. By its express terms the act can be invoked only in case of actual controversies, thus avoiding the objection that a court cannot be required to render a merely advisory opinion. Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246; Anway v. Grand Rapids Ry. Co., 211 Mich. 592, 179 N.W. 350, 12 A.L.R. 26.

That the act so limited is constitutional is no longer open to doubt. Nashville, Chattanooga & St. L. Ry. Co. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 347, 77 L.Ed. 730, 87 A.L.R. 1191; Zenie Bros. v. Miskend (D.C.) 10 F.Supp. 779; Ohio Casualty Ins. Co. v. Plummer (D.C.) 13 F.Supp. 169; State of Kansas v. Grove, 109 Kan. 619, 201 P. 82, 19 A.L.R. 1116; Blakeslee v. Wilson, 190 Cal. 479, 213 P. 495; McCrory Stores Corp. v. S. M.

Braunstein, Inc., 102 N.J.Law, 590, 134 A. 752; Board of Education of City of Rochester v. Van Zandt, 234 N.Y. 644, 138 N.E. 481.

The provisions of the third paragraph of the act above quoted have been deemed to answer constitutional requirements securing to the litigant the right to a jury trial.

Second. By the express terms of the Federal Declaratory Judgment Act, a further limitation seems to be clearly imposed upon the powers of the court to grant declaratory judgment. This limitation is found in the words "to declare rights and other legal relations of any *interested party petitioning for such declaration.*"

■ It must be noted that the petitioner in the instant case has asked for a declaration respecting the rights of the defendant and the obligations of the plaintiff. In Columbian National Life Insurance Company v. Foulke (D.C.) 13 F. Supp. 350, the court held that an insurer issuing an accident policy could not invoke the statute for the purpose of determining the liability of the insurer when a controversy arose as to whether the death of the insured was accidental. In the opinion the court observed that the terms "rights" and "liabilities" historically are in antithesis. If Congress had intended to provide generally for a declaration of liabilities in the Declaratory Judgment Act, it certainly would have used the word; it would not have buried the intent in so indefinite a phrase as "other legal relations." The opinion in this case has been criticized in Gully v. Interstate Natural Gas Co. (C.C.A.) 82 F.(2d) 145, and the soundness of it has been questioned by the plaintiff's attorney. So far as the decision holds that immunity from liability is not a right, I concur. In my opinion that conclusion is not only compelled by the language of the statute, but it has the support of the authorities in England and in the United States. It must be presumed that the words "rights and other legal relations of any interested party petitioning" were inserted in the statute for a purpose. As words of limitation they cannot be ignored. If given effect they restrict the powers of the court to those cases where the rights and relations of the plaintiff are involved in controversy and do not extend to cases where the only controversy relates to the liability of the moving party. I regard it as significant that Mr. Justice Stone, in the Nashville Case, thought it worthy of note that the Tennessee Declaratory Judgment Statute, then under consideration, had "often been considered by the highest court of Tennessee, which has consistently held that its provisions may *only* be invoked when the *complainant asserts rights which are challenged by the defendant,* and presents for decision an actual controversy to which he is a party, capable of final adjudication by the judgment or decree to be rendered." (Italics supplied.)

It is also further to be noted that the court in that case observed that "the relief sought is a definitive adjudication of the disputed constitutional right of the appellant [plaintiff], in the circumstances alleged, to be free from the tax."

I regard this statement as a recognition of a constitutional right in the individual to be free from the unlawful imposition of a tax, and that this is a right capable of being positively asserted against those acting without authority. On this ground many of the cases cited by the plaintiff can be reconciled with the conclusion I reach. Gully v. Interstate Natural Gas Co., supra; Penn v. Glenn (D.C.) 10 F.Supp. 483; F. G. Vogt & Sons v. Rothensies (D.C.) 11 F.Supp. 225.

The statute has been invoked to determine the validity of patents. Thus, in Lionel Corporation v. De Filippis (D.C.) 11 F.Supp. 712, the court entertained a suit under the act to determine the right of the plaintiff to continue to market and sell toy boats without interference from the defendant. See, also, Zenie Bros. v. Miskend (D.C.) 10 F.Supp. 779.

On the other hand, in New Discoveries, Inc., v. Wisconsin Alumni Research Foundation (D.C.) 13 F.Supp. 596, 599, a motion to dismiss was granted in a case attacking the validity of patent rights. The court observed: "The mere fact that the plaintiff expects the defendant to bring an infringement action against it or its licensees does not entitle the plaintiff to maintain its present action to have declared that defendant has not a good cause of action against plaintiff or its licensees. The complaint reveals no actual controversy ripe for adjudication."

I have found only two cases which sustain the plaintiff's argument that the statute permits the court to declare upon the

liability of the petitioner. These are Ohio Casualty Ins. Co. v. Plummer, supra, and Commercial Casualty Ins. Co. v. Humphrey (D.C.) 13 F.Supp. 174. In each of these cases the court was asked to determine whether the insurance company was liable to the insured under its respective policy on account of automobile accidents in which the car of the insured was involved. These decisions were handed down by the same judge in the Western District of Texas. I do not find that in either case did the judge consider the words of limitation which were given effect in the Foulke Case and which, in my opinion, are not to be disregarded.

The conclusion in the Foulke Case I think finds further support in the reasoning of the learned judges of the English Court of Appeals in Guarantee Trust Company of New York v. Hannay & Co. [1915] 2 K.B. 536. The case arose under the Act 15 and 16 Vict. ch. 86 (1852) as enlarged by rule in 1883 (Order XXV R. 5). The rule provided that: "No suit in the said court shall be open to objection on the ground that merely declaratory decree or order is sought thereby, and it shall be lawful for the court to make binding declarations of right without granting consequential relief whether any consequential relief is or could be claimed or not."

The plaintiff had been sued in the United States by holders of fraudulent bills of exchange and the plaintiff was threatened with suits by holders of other fraudulent documents. The plaintiff asked for a declaration of its liability to a holder of such fraudulent bills of exchange. While the court expressed doubts whether the question was properly raised, the judges nevertheless proceeded to a consideration of the broad question whether, under the English rule, plaintiff could have a declaratory judgment respecting its obligations to the defendants. Buckley, L. J., was of the opinion that the rule gave the court no power to make a declaration where there was no cause of action. Pickford, L. J., thought that such a conclusion left meaningless the change wrought by the rule of 1883. To the contention that a declaration could only be made at the instance of the person claiming the right and intending to assert it, the learned judge said he could find no such limitation in the words of

the rule and saw no reason why it should be imposed. (In this respect the English rule differs from the federal statute.) Bankes, L. J., construed the rule to confer the power to make a declaratory judgment which did not necessarily involve a declaration of rights, and in his opinion is found language which is pertinent: "But in my opinion the expression 'declaration of right' in the rule must be read in the sense which it had always previously borne, that is to say, a declaration of some right which the plaintiff maintains that he has, as against the person or persons whom he has made parties to the suit. Here the respondents (plaintiffs) are claiming nothing of the kind. What they are asking is that the court shall define their obligation to the defendants. I do not think that the alteration in the character of the right which the plaintiff is entitled to assert under the rule can have the effect contended for of altering the expression 'declaration of right' either into a declaration of rights of the parties or into a declaration as to the obligations of either party."

I have reached the conclusion, as the result of my examination of the authorities, that if the plaintiff can have on the facts alleged only a determination of the "defendant's right and plaintiff's liability," the court has no jurisdiction.

While it is true that this is all the plaintiff asked in its prayer for relief, nevertheless it is apparent, upon the facts stated in the petition, that rights and relations of the plaintiff are involved in the controversy. The real controversy between plaintiff and defendant relates to the extent of the defendant's disabilities. Upon this issue turns the rights of the plaintiff to demand the payment of premiums due, or to become due, on the policies of insurance. Furthermore, if the premiums have not been paid within the thirty days of grace after they become due, the policies have lapsed, and the relation of insurer and insured no longer exists. Whether or not the policies have lapsed also rests upon the outcome of the controversy. In other words, I am of the opinion that the facts which may be established under the pleadings are sufficient to give the court jurisdiction under the statute.

I am aware that there is language in the Foulke Case that conflicts with these

views, and the same court, in Ætna Life Ins. Co. of Hartford, Conn., v. Haworth, 11 F.Supp. 1016, held that an insurance company, insuring against total disability, could not petition for a declaration as to the rights and obligations of the insurance company under the policy. It is apparent that the court overlooked the fact that if the insured were disabled, as he contended, his claim for disability payments had matured, and also the further fact that upon the extent of insured's disability depended the rights of the insurance company to premiums.

The mere fact that the declaration in respect of these rights would also determine the obligations of the plaintiff does not, in my opinion, oust the court of jurisdiction. The case presents all the elements required by the act necessary to confer authority.

It is my opinion that if the existence of a contract from which spring rights and obligations is in controversy between the parties to it, the court is empowered by the act to declare whether there are any legal relations and what those relations are. Whether the policies of insurance, upon which plaintiff asserts rights, are or are not in force must necessarily present a controversy upon which a declaration may properly be sought.

The suggestion that the controversy is one of fact is not sufficient to defeat the plaintiff's petition. See 49 Harvard Law Review, p. 1351.

It has been further urged by the defendant that if the court has power, that power is discretionary and ought not to be exercised because it will not set at rest controversies that may arise in the future between the parties respecting the disability of the defendant.

I agree that the court has discretion in the premises. Zenie Bros. v. Miskend, supra; Kariher's Petition, 284 Pa. 455, 131 A. 265; Russian, etc., Bank v. British Bank, 90 L.J., K.B.(N.S.) 1089, 1098.

But that discretion ought not to be exercised on a motion to dismiss for want of equity unless the court is fully satisfied that upon its allegations the bill must be dismissed after hearing on the merits. White v. Federal Radio Comm. (D.C.) 29 F.(2d) 113.

In the case at bar I am not convinced that the powers of the court to declare rights and relations may not well be invoked to prevent a multiplicity of suits with attendant expense, inconvenience, and delay.

Defendant's motion to dismiss is denied, with a recommendation that the record be improved by amending the prayer of plaintiff's petition to include a declaration respecting the rights and relations of the plaintiff.