**OHIO CASUALTY INS. CO. v. MARR et al.**

**No. 1209.**

District Court, N. D. Oklahoma.

Nov. 18, 1937.

218

Raymond G. Brown, of Oklahoma City, Okl., and Hal Crouch, of Tulsa, Okl., for complainant.

Harry Campbell, Val Jean Biddison, and Harry Campbell, Jr., all of Tulsa, Okl., for defendants Anna M. and Shelby W. Marr.

Hamilton & Clendinning, of Tulsa, Okl., for defendant William H. Gaffney.

FRANKLIN E. KENNAMER, District Judge.

This suit was instituted for a declaratory judgment, by an insurance carrier against the insured, as well as an administrator of an estate who was seeking the recovery of damages from the insured on account of an alleged accidental death.

The evidence established that complainant herein, the Ohio Casualty Insurance Company, issued its policy on the 4th day of January, 1936, for a term of one year, to Anna M. Marr, one of the defendants herein, insuring against liability for personal injury for one person in the amount of $10,000, one accident $20,000, and property damage in one accident in the amount of $5,000, covering the use of an automo-

bile for business and pleasure. The policy contained a provision extending protection under the policy, in addition to the assured, to any person or persons other than a chauffeur or domestic servant, while legally operating the automobile, while the same was being used for the purposes as specified in the policy and with the consent of the named assured. The policy obligated the insurer to investigate all accidents covered by the policy and to defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim, whether groundless or not, for damages suffered or alleged to have been suffered on account of bodily injury or death, or damage to or destruction of property as referred to in the policy. A stipulation was contained in the policy, making it a condition precedent to the company's liability under the policy, upon the occurrence of any loss or accident, and irrespective of whether any injury or damage was apparent at the time, the giving of immediate written notice with fullest information obtainable at the time, by or on behalf of the assured to the company, and, if a claim were made on account of any accident, the assured was obligated to give like notice thereof with full particulars immediately, and, if suit were brought against the assured to enforce such claim, the assured was immediately obligated to forward to the company each summons or other process as soon as the same had been served.

The evidence disclosed that on or about January 26, 1936, about 5:45 o'clock a. m., while the automobile referred to in the policy of insurance was being used by the defendant Shelby W. Marr, a son of Anna M. Marr, the named assured, in the vicinity of a night club in Rogers county, and in the vicinity of the line separating Rogers county from Tulsa county, it became involved in an alleged accident. As a result of the alleged accident, a suit has been instituted in the district court of Tulsa county, Okl., by William H. Gaffney, administrator of the estate of William Orville Gaffney, deceased, for the recovery of damages for the wrongful death of the said deceased, William Orville Gaffney. A recovery of $50,000 in damages is sought against Shelby W. Marr. The evidence disclosed that, while Shelby W. Marr was operating the automobile referred to in the policy of insurance, it came upon the body of William Orville Gaffney upon the highway. No evidence was presented establish-

ing that Shelby W. Marr caused the death of William Orville Gaffney, but the evidence tended to show that the car driven by Shelby W. Marr came in contact with the body of the deceased. Shelby W. Marr notified an attendant or officer of the night club, and also notified the sheriff's office of Rogers county, as well as the office of the sheriff of Tulsa county, immediately of the accident. No notice of the alleged accident was given complainant herein until on or about April 28, 1937. There is little dispute in the facts, but evidence concerning the alleged accident was unsatisfactory. The defendant Gaffney demurred to the bill of complaint and undertook to raise the question that he was being deprived of his right to a jury trial, but no demand or request was made for a jury trial, and neither was an answer interposed by him. The defendant Shelby W. Marr answered herein, seeking a determination and decree that the contract of insurance is in force, and praying that complainant be obligated to provide a defense to the pending suit, as well as to pay any judgment rendered in the suit within the limits of the insurance coverage.

This action is instituted under section 274d of the Judicial Code, being the Act of Congress of June 14, 1934, 48 Stat. 955, and amendment Act of August 30, 1935, § 405, 49 Stat. 1027 (title 28 U.S.C.A. § 400). Complainant contends that a controversy exists between it and the defendants, in that the failure of the named assured, or her son, the defendant Shelby W. Marr, to notify it immediately of the alleged accident, relieved it of liability under the policy; that the assured had failed to comply with the condition precedent in the policy, and that such failure voided the policy. It asserted that, since there was no liability under the policy, a decree should be entered declaring that it was without obligation to provide a defense to the pending lawsuit, or to pay any portion of the judgment rendered therein because of the failure of the assured to conform to the condition precedent of notifying the insurer. Much time of the trial was devoted to efforts to show the existence of an accident and a requirement of notice. However, it becomes unnecessary to determine whether or not an accident occurred within the contemplation of the policy of insurance, for which the failure to give notice will void the policy. This case should be decided upon legal questions involved under the Declaratory Judgment Act, rather than upon a construction of the insurance policy.

It should be noted that a suit was pending in the district court of Tulsa county, Okl., for the recovery of damages for the alleged wrongful death of William Orville Gaffney, and, too, it should be observed that the policy expired by its own terms on the 4th day of January, 1937. There is no question involved relative to the payment of premiums, and no issue is presented which involves rights and other legal relations of complainant. The only adjudication sought in this case is a declaration of the obligations and liabilities of complainant. Complainant does not seek to have determined its right to obtain premiums under the policy; neither does it seek an adjudication as to whether it shall continue the policy in force, or whether the same is subject to cancellation, but merely petitions for a declaratory judgment with respect to its obligation and responsibility to make defense to the pending lawsuit and its obligation to pay within the limits of the policy in the event a judgment is obtained against Shelby W. Marr.

No question of the constitutionality of the Declaratory Judgment Act is involved, and certainly no question can be presented with respect thereto. Constitutionality of the act has been upheld, and it is no longer subject to question. See Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; New York Life Insurance Co. v. London (D.C.) 15 F.Supp. 586, at page 587, and cases therein cited.

Undoubtedly a controversy exists between complainant and the defendants, but in order for complainant to obtain relief under the Declaratory Judgment Act, its rights and other legal relations must be involved. The Declaratory Judgment Act has been construed in the case of New York Life Insurance Co. v. London (D.C.) 15 F.Supp. 586, in a well-reasoned opinion. In that case the court held that, where only rights of the defendants and the obligations of the plaintiff were involved, no relief could be had under the Declaratory Judgment Act. In my opinion, the act has been properly construed, and, in the reasoning employed, the conclusion reached is sound. The construction announced in the cited case is approved by this court.

Complainant herein relies upon the cases of Ohio Casualty Insurance Company

v. Plummer (D.C.) 13 F.Supp. 169, and Commercial Casualty Ins. Co. v. Humphrey (D.C.) 13 F.Supp. 174. These cases support the position of complainant herein. The two cases were decided, as pointed out by the court in New York Life Insurance Co. v. London, supra, by the same judge in the Western District of Texas, and the question of limitation of the applicability of the Declaratory Judgment Act was not there expressly considered. Undoubtedly, the question was not presented in those cases. However, it is the view of this court that the decision in New York Life Insurance Co. v. London, supra, shall be followed rather than the rulings in the two last-cited cases.

■ In Associated Indemnity Corporation v. Manning (D.C.) 16 F.Supp. 430, the court dismissed a case similar to the one here presented, for lack of jurisdiction, for the reason that liability under the policy had attached prior to the institution of the suit for a declaratory judgment, and further because the act could not be used to defeat the jurisdiction of the state court, the action for damages having been instituted therein prior to the suit in the federal court under the Declaratory Judgment Act. In the instant case, the action for damages was filed prior to the institution of the suit herein. However, it is not necessary to rest the decision in this case upon the ground that the prior filing of action for damages in the state court renders the federal court without jurisdiction. If a proper case is presented involving the rights and other legal relations of an interested party, it seems to me that the pendency of a case in the state court should not defeat the jurisdiction of a federal court properly invoked under the Declaratory Judgment Act.

■ In the instant case no rights of the complainant are involved; only its obligations and liabilities. It is my view that the Declaratory Judgment Act can be invoked only when rights of the complainant are involved. It does not have a right with respect to cancellation of the policy, a right to receive premiums, and neither does it have any rights under the policy. A right to be relieved from liability under the policy is not such a right as contemplated by the act.

Decree may therefore be entered dismissing the bill of complaint.