**OHIO CASUALTY INS. CO. v. MARR et al.**

No. 1657.

Circuit Court of Appeals, Tenth Circuit.
Sept. 15, 1938.

Rehearing Denied Sept. 28, 1938.

974

Raymond G. Brown, of Oklahoma City, Okl. (Hal Crouch, of Tulsa, Okl., on the brief), for appellant.

Harry Campbell, Jr., of Tulsa, Okl. (Harry Campbell and Valjean Biddison, both of Tulsa, Okl., on the brief), for appellees Anna M. Marr and Shelby W. Marr.

B. A. Hamilton of Tulsa, Okl. (S. J. Clendinning, of Tulsa, Okl., on the brief), for appellee William H. Gaffney.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This is an action which has for its purpose a declaratory judgment under section 274d of the Judicial Code, 28 U.S.C.A. § 400.

The Ohio Casualty Insurance Company issued its policy of automobile liability insurance covering an automobile owned by Anna M. Marr. The contract required the company to investigate all accidents covered by the policy, to defend in the name and on behalf of the insured any suit brought to enforce a claim for damages suffered or alleged to have been suffered whether such claim be groundless or not, and to pay all sums which she should become obligated to pay as damages for death or personal injuries from accident arising out of the ownership, maintenance, or use of the automobile, not to exceed $10,000 for death or injuries suffered by one person in a single accident; and the coverage was expressly extended to any person or persons, except a chauffeur or domestic servant, while legally operating the automobile with the consent of the owner. It was provided as a condition precedent to liability that upon the occurrence of any loss or accident, irrespective of whether injury or damage be apparent at the time, immediate written notice thereof be given to the company with the fullest information obtainable at the time; that in the event claim be made on account of any accident the insured give like notice thereof with the fullest particulars immediately after such claim is made; and that if any suit be instituted against the assured to enforce such claim she immediately forward to the company each summons or other process as soon as it shall have been served.

The company instituted this suit against Anna M. Marr, Shelby W. Marr, and William H. Gaffney, administrator of the estate of William Orville Gaffney, deceased. Diversity of citizenship, the requisite amount involved to confer jurisdiction, the existence of the policy, and its pertinent provisions were formally alleged. It was then averred that on January 26, 1936, while the policy was in effect, Shelby W. Marr left a night club near Tulsa, Oklahoma, at about 5:45 o'clock in the morning, driving the automobile with the consent of the owner; that it became involved in an alleged accident; that such alleged accident resulted in a suit being filed in the District Court of Tulsa County by William H. Gaffney, administrator of the estate of William Orville Gaffney, deceased, against Shelby W. Marr to recover damages in the sum of $50,000 for the alleged wrongful death of the deceased; that notwithstanding such alleged accident resulting in the immediate death of the deceased, no notice thereof was given to the company until on or about April 28, 1937; and that a controversy existed between the company and all of the defendants in that it was the contention of the company that the policy had been violated and was void as to all persons by reason of the failure of Anna M. Marr and Shelby W. Marr to notify the company of such accident immediately thereafter, and for such breach the company was not bound or obligated to provide a defense in the name and on behalf of Shelby W. Marr in the action pending in the state court or to pay within the limits of liability specified in such policy any judgment or judgments which might be recovered against the Marrs, that it was the position of the Marrs that the policy was in force and that the company was bound and obligated to provide a defense in the suit and to pay any judgment or judgments there-

after rendered against them, and that it was the position of the administrator that the policy was in effect and that upon recovery of judgment in the state court he would be entitled to proceed against the company to reach the proceeds of such policy. It was further alleged that Shelby W. Marr was financially unable to respond in damages for the alleged wrongful death of the deceased; that it was the plan of the administrator to pursue the company for the collection of any judgment or judgments he might recover; that the company was ready and willing to carry out the provisions of the contract should the court declare that it had not been violated but was still in effect; and that for the purpose of preventing a multiplicity of suits it was imperative that a declaratory judgment be entered defining and declaring the rights, legal relations, and status of the parties. A decree was prayed declaring that the contract was void in respect of the claim and suit arising out of the alleged accident, and that the company was not bound or obligated to provide a defense in the suit pending in the state court, or to pay a judgment, interest, or cost in such suit.

The Marrs answered. They denied that the automobile had been involved in any accident; admitted that no notice was given on January 26, 1936, for the reason that there was no accident of which notice could be given, and further that notice was immediately given when they learned on April 28, 1937, that the administrator was asserting that there had been an accident resulting in the death of the deceased; and affirmatively alleged that the policy was in force, and that the company was obligated to provide a defense in the suit pending in the state court and to pay within the limits provided in the policy any judgment or judgments which were entered in such suit. The administrator interposed one demurrer in the nature of a motion to dismiss challenging the sufficiency of the bill to state a cause of action, and another challenging the jurisdiction of the court as to him.

The issues of fact were submitted to the court. The court found that the evidence concerning the accident was unsatisfactory; and determined that no rights of the company were involved, only obligations and liabilities, and that the right to be relieved from liability under the policy was not such a right as came within the contemplation of the Declaratory Judgment Act. D.C., 21 F.Supp. 217. The bill was dismissed and the company appealed.

■ Section 274d of the Judicial Code provides that where an actual controversy exists, except with respect to Federal taxes, the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare the rights and other legal relations of any interested party. The act did not create any new substantive right. It is procedural in nature, designed to expedite and simplify the ascertainment of uncertain rights; and it should be liberally construed to attain that objective. But it is essential to the exertion of jurisdiction under its provisions that there be an actual and bona fide controversy as distinguished from hypothetical or abstract questions. The controversy must be present, real, definite, and substantial. There must be a justiciable question, and it must touch the relations of parties having adverse legal interests. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Ohio Casualty Ins. Co. v. Gordon, 10 Cir., 95 F.2d 605; Central Surety & Ins. Corporation v. Caswell, 5 Cir., 91 F. 2d 607; Associated Indemnity Corporation v. Manning, 9 Cir., 92 F.2d 168; Farm Bureau Mutual Automobile Ins. Co. v. Daniel, 4 Cir., 92 F.2d 838; Carpenter v. Edmonson, 5 Cir., 92 F.2d 895; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F. 2d 166; United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560.

■ The policy in suit exacts two written notices as a condition precedent to liability. The first must be given immediately after the occurrence of any loss or accident, irrespective of whether injury or damage be apparent at the time; and the second must be given immediately after a claim is made on account of any accident. The word "accident" as used in the policy means an untoward and unforeseen occurrence in the operation of the automobile which results in injury to the person or property of another. U. S. Mutual Accident Association v. Barry, 131 U.S. 100, 9 S.Ct. 755, 33 L. Ed. 60; Chapin v. Ocean Accident & Guarantee Corp., 96 Neb. 213, 147 N.W. 465, 52 L.R.A.,N.S., 227; Midland Glass & Paint Co. v. Ocean Accident & Guarantee Corp., 102 Neb. 349, 167 N.W. 211, L.R.A. 1918D, 442; Hyer v. Inter-Insurance Exchange, 77 Cal.App. 343, 246 P. 1055; State v. Masters, 106 W.Va. 46, 144 S.E. 718.

The only question advanced as a controversy appropriate for determination under the Declaratory Judgment Act is whether the policy was breached and voided in respect to liability for the death of William Orville Gaffney by the failure to give the first notice, and in consequence of such breach the company was relieved of its obligations and duties concerning the claim being advanced by the administrator. There is no contention that the contract was not in force, or that it was breached in any other manner. It is to be noted that the policy requires the giving of the first notice in the event an accident takes place. The company did not charge in its bill that an accident occurred. Instead, it charged with apparent care and adroitness that the automobile became involved in an "alleged accident"; that such "alleged accident" resulted in the institution of the suit in the state court; and that the Marrs knew of such "alleged accident" and of the death of the deceased, but failed to notify the company thereof until April 28, 1937. Elsewhere throughout the bill reference was made to "said accident", plainly meaning the "alleged accident" previously charged. It was then charged that a controversy existed between the parties for the reason that the company contended on one hand that the policy had been breached for failure to give the requisite notice while the defendants contended on the other that it had not been breached for such reason, but was still in force and effect. Not only did the company fail to charge that an accident actually took place, but it made no effort to prove the fact. Instead, it attempted to prove that the automobile did not strike or injure the deceased; that Shelby W. Marr came upon the dead body lying in the highway; that he drove around it, backed the car to a point where the lights shone upon it, and then went for help. That was precisely the contention of the Marrs. The company and the Marrs did not assume different, contrary, or adverse positions upon the vital question whether an accident actually took place which brought into play the provision requiring the giving of the notice. In the absence of an accident there could not be a breach of the policy for failure to give the notice; and unless there was an accident there could be no basis for the contention of the company that it was free of liability for failure to give such notice. Failing to charge that an accident occurred, the bill did not set forth facts constituting a present, real, definite, and substantial controversy; it did not present a justiciable question touching the legal relations of the parties. The charge that such a controversy existed without averring facts constituting it was only a conclusion. The pleading failed to state a cause of action and called for dismissal on that ground; and furthermore there was an absence of proof of an accident which necessitated the giving of the notice.

The decree was predicated upon a different basis. But a just judgment or decree will not be overthrown on appeal regardless of the reason assigned by the trial court for its entry. Sanderson v. Postal Life Ins. Co., 10 Cir., 72 F.2d 894; Brace v. Gauger-Korsmo Construction Co., 8 Cir., 36 F.2d 661; City of St. Paul v. Certain Lands in City of St. Paul, 8 Cir., 48 F.2d 805; Spann v. Commercial Standard Ins. Co., 8 Cir., 82 F.2d 593; Crossett Lumber Co. v. United States, 8 Cir., 87 F.2d 930, 109 A.L.R. 1348.

Affirmed.

WILLIAMS, Circuit Judge, dissents.