## MARYLAND CASUALTY CO. v. UNITED CORPORATION OF MASSACHUSETTS et al.

## SAME v. MEXICAN PETROLEUM CORPORATION et al.

Nos. 34, 35.

District Court, D. Massachusetts.

Nov. 2, 1939.

David Burstein, of Hale & Dorr, of Boston, Mass., for plaintiff.

Wm. F. Byrne, of Tyler, Eames & Reynolds, and John J. Burns, both of Boston, Mass., for defendants.

SWEENEY, District Judge.

The Maryland Casualty Company has brought two petitions for declaratory judgments against the United Corporation of Massachusetts and the Mexican Petroleum Corporation, both of which will hereinafter be referred to as the assured. In each case, the executors of the will of Annie S. B. Dunham have been joined as parties defendant. The two actions are identical in nature, and will be treated as one herein.

There is before me now a motion to dismiss pressed by all of the defendants.

The plaintiff issued a motor vehicle liability policy insuring the assured for the year 1932, and covered certain specified motor vehicles. Part I of the policy constituted a "motor vehicle liability policy" as defined in the Massachusetts General Laws. Part II of the policy provided for coverage over and above the amounts required by the laws of the Commonwealth of Massachusetts. The insurer made the customary agreement to defend or settle all actions brought against the insured "as in this Policy provided". There was also the usual provision that the assured "shall, as soon as practicable after learning thereof, give written notice of the full particulars to the Company or to its duly authorized Agent" of any claim made against it.

The plaintiff has not a copy of its contract and neither has the assured, but a form of the Massachusetts motor vehicle liability policy is attached to the bill of complaint.

The complaint recites that the assured entered into an agreement with Annie S. B. Dunham to supply oil to tanks in the basement of a certain building; that on April 6, 1932, there was a delivery of oil by the assured to the said building; that later there was an explosion in the building; that certain suits were filed as a result thereof against Annie S. B. Dunham; that judgments were recovered against her which have been fully paid and satisfied. It further recites that the declarations filed in those suits allege that the damage and injury resulted to the plaintiffs therein from the negligent maintenance of the Dunham oil tank and oil heater by Annie S. B. Dunham. The assured had notice of the suits against Annie S. B. Dunham and participated in their defense. It is alleged, however, that they did not notify the plaintiff, and that the plaintiff learned about the accident on April 10, 1938, for the first time. This knowledge was gained when it received from the assured notice that the executors of the estate of Annie S. B. Dunham had, on April 5, 1938, brought suit against the assured to recover the judgments which they had paid and their costs.

That suit is now pending in the Superior Court of the Commonwealth of Massachusetts. It sounds in contract or tort. Count 1 alleges a breach of the agreement to deliver oil to the Dunham premises in a workmanlike and careful manner. Count 2 alleges negligence on the part of the assured in filling the tanks. Count 3 alleges negligence on the part of the assured in so refilling the tanks and pipes that oil was permitted to leak therefrom causing the accident.

The plaintiff says that actual controversy exists between the parties depending for its determination upon a proper construction and determination of said policies of insurance as to (1) whether or not the relationship of insurer and insured exists as to any liability arising out of the accident, or as to any liability of the assured on the action commenced by the Dunham executors; (2) whether or not the plaintiff is under any obligation to indemnify the insured against any judgment which may be recovered in the Dunham action; (3) whether the plaintiff has the right or obligation to defend said action; (4) whether, even if obligated as an insurer on lia-

bility for damages to property, such obligation exists also as to bodily injuries resulting from the accident; (5) whether the relationship of insurer and assured exists as to all three counts of the declaration; and (6) whether, if the relationship of insurer and insured exists as to only part of the matters covered by the declaration, the plaintiff has the right or obligation to limit its defenses and responsibilities in connection with such actions on its part, and goes on to say that the insurer is in doubt as to whether the relationship of insurer and insured exists with regard to any part of or all of the subject matter of the claims set forth in the suit now pending in the Superior Court.

The bill prays that the executors of the Dunham estate be temporarily enjoined from prosecuting this action in the State court; that, the terms and provisions of the insurance policy be adjudicated and declared, and, that this court adjudicate and declare that the relationship of insurer and insured does not exist as to any liability of the defendant arising out of the accident occurring on April 6, 1932, or as to any liability in the action commenced by the Dunham executors against the assured, and that the plaintiff has neither the right nor the obligation to defend the action or to indemnify against any liability in said action.

The statute invoked by the plaintiff as a basis for the declaratory judgment that it seeks (28 U.S.C.A. § 400) provides as follows: "In cases of actual controversy * * * the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration * * *".

This plaintiff apparently anticipates a dispute or controversy with the assured over the plaintiff's liability to defend the action in the State court and to indemnify the assured against loss thereunder up to the extent of its liability under the policy. What it really seeks in this action is a determination of both its liability to defend and its liability to indemnify. Whether or not there is an actual dispute with the assured does not appear too clearly, but I would assume for the purposes of the decision in this case that the parties are in dispute as to the questions involved. In its complaint the plaintiff seeks a determination of its "right to defend" the actions in

the State court. The mere use of the word "right" cannot change the character of the situation presented, nor can its mere use call into play the Declaratory Judgment Act, unless the facts presented warrant it. It has been held in New York Life Insurance Co. v. London, D.C., 15 F.Supp. 586, 588, that the words "rights and other legal relations of any interested party petitioning" restrict the powers of the court to those cases where the rights and relations of the plaintiff are involved in controversy, and do not extend to cases where the only dispute between the parties relates to the liability of the moving party. The reasoning in that decision is sound, and much of it has been adopted by the Supreme Court of the United States in Ætna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, wherein the court says that a controversy must be one that is appropriate for judicial determination, and must be definite and concrete, touching the legal relations of the parties having adverse legal interests. In the case of Ohio Casualty Ins. Co. v. Marr., D.C., 21 F.Supp. 217, an insurer sought a determination by the court that it was without obligation to provide a defense to a pending law suit or to pay any portion of a judgment that might be entered therein. The court, citing New York Life Insurance Co. v. London, supra, said that there was not involved in that case a right within the meaning of the Declaratory Judgment Act, but only obligations and liabilities of the insurer, and that such obligations and liabilities were not within the purview of the Declaratory Judgment Act. On the authority of these cases and other cases cited in them, I am of the opinion that this plaintiff is not entitled to relief under the Declaratory Judgment Act. Professor Borchard, in his book on "Declaratory Judgments", at page 40, considering the ripeness of issue, says, "Where the plaintiff is merely in doubt as to his rights under a written instrument * * * and there is either no one who disputes the claim or else some event must happen before the plaintiff's right fully accrues, the action is naturally considered as prematurely brought."

Again, he states on the same page: "The danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events—although it may involve future benefits or disadvantages—and the threat to his posi-

989

tion must be actual and genuine and not merely possible or remote."

 Bearing in mind that a true controversy between the plaintiff and the assured cannot arise until the plaintiffs in the State court action have secured a judgment against the defendants and with the knowledge that the plaintiffs may abandon or lose their action on the merits, it would seem that the contingency upon which this controversy may arise is merely possible and remote. Its liability to defend the State court action certainly is not a controversy within the meaning of the Act. It calls for the exercise of the plaintiff's judgment. There is no other real dispute between the parties at the present moment.

The motion to dismiss is therefore allowed in each case.